340 So.2d 119 (1976)
STUCKEY'S OF EASTMAN, GEORGIA, Petitioner,
v.
DEPARTMENT OF TRANSPORTATION, Respondent.
No. DD-92.
District Court of Appeal of Florida, First District.
December 9, 1976.
David A. Burt and Benjamin F. Wren, III, Landis, Graham, French, Husfeld, Sherman & Ford, DeLand, for petitioner.
Phillip S. Bennett and George L. Waas, Tallahassee, for respondent.
SMITH, Judge.
Stuckey's has petitioned for review of final agency action by the Department of Transportation, ordering removal of certain *120 outdoor advertising signs found to violate §§ 479.07(1) and 479.11(1), F.S. 1975. The order was entered on recommendation of a hearing officer of the Division of Administrative Hearings of the Department of Administration pursuant to § 120.57(1), F.S. 1975. The only substantial question presented is whether the hearing officer's recommended order, later adopted by the respondent Department, departed from statutory requirements by failing to include explicit rulings on each proposed finding of fact submitted by Stuckey's pursuant to § 120.57(1)(b)4, F.S. 1975.[1]
Sec. 120.59(2), F.S. 1975, provides in part:
"If, in accordance with agency rules, a party submitted proposed findings of fact or filed any written application or other request in connection with the proceeding, the order shall include a ruling upon each proposed finding and a brief statement of the grounds for denying the application or request."
Stuckey's submitted to the hearing officer proposed factual findings supporting a conclusion that the respondent Department was estopped to press objections to Stuckey's signs because, with knowledge of the alleged violations and after complaining of them, the Department issued 1976 permits for the offending signs. The hearing officer's proposed order was entirely silent on that issue and on the facts pertaining to it, as was the Department's order adopting the proposed order as its own.
It is not an impediment to our review that Stuckey's did not except to the proposed order when the Department considered it pursuant to § 120.57(1)(b) 8 and 9. Enforcement of statutory procedural guaranties remains a judicial function under the review procedures of § 120.68, and it would be inconsonant with the purposes of the Administrative Procedure Act to hold that an affected party must first debate procedural defects before a nonjudicial agency in order to complain to the appropriate reviewing court. Moreover, our duty is to review the Department's order, not the hearing officer's recommended order; and by adopting the recommended order, the Department adopted as its own any error in the hearing officer's failure to rule explicitly on Stuckey's proposed findings pertaining to estoppel.
The failure of the respondent Department to rule explicitly on the issue of estoppel deprived Stuckey's of the full benefit of a right secured to it by §§ 120.57(1)(b)4 and 120.59(2), F.S. 1975, namely, the right to raise pertinent factual issues for administrative determination, to submit proposed findings on those issues, to receive an explicit ruling on the matters thus submitted and to preserve them for judicial review. While the Department of Transportation has not provided by rule for submission of proposed findings of fact, see Fla. Admin. Code Rule 14-6, we do not consider that § 120.59(2), above quoted, compromises a party's statutory right by making it depend on the existence of agency rules repeating the statutory mandate. Rather, § 120.59(2) is more reasonably to be regarded as requiring explicit agency rulings on all findings proposed by a party and on such other applications or requests in connection with the proceeding as are permitted by agency rule but not by statute.
The order of which review is sought will be vacated and the cause remanded to the respondent Department for rulings, after recommendations have been made by the hearing officer, on the proposed findings submitted by Stuckey's.
REVERSED.
RAWLS, Acting C.J., and MILLS, J., concur.
NOTES
[1] "All parties shall have an opportunity ... to submit proposed findings of facts and orders... ." Sec. 120.57(1)(b)4.