PER CURIAM.
Petitioners in these consolidated petitions for review present to us identical questions *731 concerning the reasonableness of attorneys’ fees awarded to them pursuant to Section 110.061(3), Florida Statutes (1975), upon their reinstatement to their former positions. Petitioner Butler raises an additional question, not raised by Perry, as to whether Florida’s Administrative Procedure Act mandates an evidentiary hearing as to the reasonableness of the fee assessed.
Following petitioners’ reinstatements, the Commission retained jurisdiction for the purpose of awarding an attorney’s fee, stating the fee would be determined upon proper affidavits and motion from counsel. Subsequently, motions for awards of attorney’s fees were filed together with supporting affidavits. Butler’s demand for an evi-dentiary hearing on the question was denied, and in both cases the Commission declined to rule upon each proposed finding as required by Section 120.59, Florida Statutes (1975). We remanded for the entry of proper orders as required by Section 120.59.
SUFFICIENCY OF THE ORDERS
The amended orders properly considered each proposed finding of fact submitted by petitioners, and either accepted those findings or rejected them with a brief statement of the grounds. Petitioners’ motions attacking the sufficiency of the orders are denied.
BUTLER’S RIGHT TO AN EVIDENTIA-RY HEARING
We agree with Butler that he is a substantially interested party as defined by Section 120.57(1), and under normal circumstances would be entitled to an evidentiary hearing on his claim for an attorney’s fee. The award of an attorney’s fee was pursuant to statute and is a fee money award payable by one party to the other as an indemnity for fees reasonably contracted for and incurred. Compare Valparaiso Bank and Trust Company v. Sims, 343 So.2d 967 (Fla. 1st DCA 1977). As such the award is one not to the attorney serving the successful litigant but is to the party. Butler was at liberty to seek petition for review of the original Commission order which reserved the question of attorney’s fees until such time as proper affidavits and motions had been submitted. However, no cross-appeal was filed from that order even though a petition for review was filed by the Department of Banking and Finance. Butler was not at liberty some eight months after that order had been entered to file a demand for an evidentiary hearing before the Commission and then seek to review a denial of that demand, since the prior order entered became final agency action as to that issue.
THE PROPRIETY OF THE AWARDS
Our review of the amended orders shows a consideration of the circumstances of each case. We have not found the awards here to be unreasonable.
The setting of a flat per-hour rate by the Commission is not error in and of itself. However the criteria found in Canon Two of the Code of Professional Responsibility and adopted by the Supreme Court in Lee Engineering and Construction Co. v. Fellows, 209 So.2d 454 (Fla.1968) should be considered where circumstances warrant.
The petitions for review are DENIED.
BOYER, Acting C. J., and MILLS and ERVIN, JJ., concur.