SMITH, Judge.
A signowner petitions for review of a Department of Transportation order adopting the proposed order of a hearing officer and finding that petitioner’s signs adjacent to an interstate highway are in violation of Section 479.11(1) and (2), Florida Statutes (1975). The signs were ordered removed.
Petitioner contended before the hearing officer and here that his signs, which advertise the sale of pecans at a stand on a nearby intersecting highway, were excepted from the proscription of Section 479.11(1) and (2) by Section 479.16(2), which permits signs
. constructed, erected, operated, used or maintained on any farm by the owner or lessee of such farm and relating solely to farm produce, merchandise, service or entertainment sold, produced, manufactured or furnished on such farm.
The Department urges concerning farm produce that the exception restricts permissible on-site advertising to produce of the farm. The statute is not so limited. Given an active farm, the exception permits on-site advertising by the farm owner or lessee of farm produce sold there but obtained elsewhere.
The evidence does not qualify petitioner for the farm exemption. Although the transcript contains evidence the petitioner’s signs stood near an old pecan grove of seventeen trees, there was no evidence that petitioner owned or leased the grove, or that the grove was actively farmed, or that the advertised sale of pecans took place on the farm. The burden of proving entitlement to the statutory exemption was on petitioner and he did not prove important elements of the exemption. The Department’s final order should have so stated, in response to the exception to the recommended order filed by petitioner, Stuck-ey’s of Eastman, Georgia v. Dep’t of Transp., 340 So.2d 119 (Fla. 1st DCA 1976), *128 but that omission in this case did not impair the fairness of the proceedings or the correctness of the action. Section 120.68(7), Florida Statutes (Supp.1976).
No other error appears. The prayer of the petition for review is DENIED.
MILLS, Acting C. J., and MELVIN, J., concur.