361 So.2d 220 (1978)
Hugh B.C. FORRESTER, Petitioner,
v.
CAREER SERVICE COMMISSION of Florida, and the Florida Department of Health and Rehabilitative Services, Respondent.
No. GG-189.
District Court of Appeal of Florida, First District.
August 9, 1978.
Jerry G. Traynham, of Patterson & Traynham, Tallahassee, for appellant.
Robert L. Shevin, Atty. Gen, and David J. Baron, David K. Miller, Asst. Attys. Gen., Douglas E. Whitney, Tallahassee, and Anthony N. DeLuccia, Jr., Ft. Myers, for appellee.
BOYER, Judge.
Petitioner seeks review of a decision of the Career Service Commission upholding his dismissal from employment by the Department of Health and Rehabilitative Services.
Petitioner raises as error the Commission's practice of rendering a final order at the conclusion of a hearing without allowing the parties to submit proposed findings of fact and orders.
Pursuant to F.S. 120.57, a party has the right to raise pertinent factual issues for administrative determination, to submit proposed findings on those issues and to receive a ruling on each pertinent proposed finding. See Stuckey's of Eastman, Georgia v. Department of Transportation, 340 So.2d 119, 120 (Fla. 1st DCA 1976). However, in so holding we stress that an agency head is not required to make explicit *221 rulings on subordinate, cumulative, immaterial or unnecessary proposed facts. Those proposed findings which fall in such a category may be rejected by a simple statement that they are immaterial or irrelevant. Nor is a party entitled to more than a reasonable period of time within which to make such submissions. If the time permitted is not so short as to violate the spirit of the statute or to deny due process under the circumstances of the particular case it will not be disturbed on review here.
The other points raised by petitioner are without merit and will not be discussed.
Therefore, without regards to the merits of petitioner's dismissal, this court relinquishes jurisdiction for a short but reasonable period of time (but not in excess of thirty days) so that the Commission may comply with the statute and this opinion. See Perry v. Career Service Commission, 351 So.2d 730 (Fla. 1st DCA 1977).
It is so ordered.
McCORD, C.J., and MELVIN, J., concur.