371 So.2d 530 (1979)
David K. WONG, Appellant,
v.
The CAREER SERVICE COMMISSION and the Department of Highway Safety and Motor Vehicles, Appellees.
No. LL-399.
District Court of Appeal of Florida, First District.
May 25, 1979.
*531 Jerry G. Traynham of Patterson & Traynham, Tallahassee, for appellant.
David K. Wong, in pro per.
Michael J. Alderman, Asst. Gen. Counsel, Dept. of Highway Safety and Motor Vehicles, Tallahassee, for appellees.
PER CURIAM.
David Wong petitions for review of a final order of the Career Service Commission sustaining his dismissal from the position of professional engineer by the Department of Highway Safety and Motor Vehicles.
Wong contends that there was no substantial competent evidence upon which the Career Service Commission could sustain his dismissal. The Department urges that since no transcript of the proceedings below was brought to this court, we are precluded from reviewing the sufficiency of the evidence. Wong replies that the Administrative Procedures Act requires that the administrative order must set forth the findings of fact with particularity, must explain the conclusions of law in light of the findings of fact, and must respond to countervailing arguments and proposed findings of fact submitted to the agency by a party. McDonald v. Dept. of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977). Wong's statement of the law applicable here is correct. Furthermore, this court specified in Forrester v. Career Service Commission, 361 So.2d 220 (Fla. 1st DCA 1978), that when a party does submit proposed findings the agency must make an explicit ruling on each proposed finding unless such finding is subordinate, cumulative, immaterial, or unnecessary.
The order at issue in this case suffers from two deficiencies: the conclusion of law is not supported by the findings of fact and pertinent proposed findings submitted by Wong are ignored rather than explained or explicitly ruled on. As for the first point, the order acknowledges that Wong was hired as a professional engineer and that he was competent and capable as a structural engineer, but notes that the evaluations which were the formal basis for his dismissal were based on information which "was not intended to rate the appellant as an engineer since the appellant was the only Professional Engineer in the bureau." As for the second reason given by the Department, Wong's inadequate performance at a training seminar, the order states that Wong's performance was "at least average" and that he was hired to be an engineer, not a trainer. Finally, in setting forth the third reason given for the dismissal, the order recites, "There was an abundance of testimony presented before the Commission that the Appellant's performance at interpreting building code violations was inadequate." The order does not contain facts which support that conclusory statement except to describe a test which the supervisor used to evaluate Wong's ability to read and identify blueprints. Of that test, the order acknowledges *532 that it "was not shown to be a valid indicator of performance as an engineer." Furthermore, the order does not respond to the proposed findings that the directions were unclear; that there was no testimony concerning the scoring criteria and how a "passing grade" was established; and that Wong noted the defects by marking the blueprints, but was graded on his having listed them on a separate paper. There are other examples in the record of pertinent proposed findings which are ignored in the order.
In essence, though Wong was dismissed for his alleged inability to perform as an engineer, the order indicates that the evaluations used to support the dismissal were based on his ability to perform non-engineering tasks which were not shown to be assigned duties. Accordingly, the case will be remanded for such further examination, clarification and supplementation of its order as the commission may deem appropriate in the light of the deficiencies in its order pointed out in this opinion.
The order appealed from is vacated and the case is remanded.
McCORD, C.J., and BOOTH and LARRY G. SMITH, JJ., concur.