ORDER
SHIVERS, Judge.
Petitioner State employee is seeking review of administrative determination of Career Service Commission upholding the employee’s dismissal from the Department of Health and Rehabilitative Services.
Under F.S. 120.57, an employee whose substantial interests are determined by an agency has the right to a hearing, after notice, and the employee has an opportunity to respond, to present evidence and argument on all issues involved, to conduct cross-examination and submit rebuttal evidence, to submit proposed findings of facts and orders, to file exceptions to any order and to be represented by counsel.
Hearing was held, following which, petitioner filed with the respondent Commission “Request for Specific Findings of Fact and Conclusions of Law.” Thereafter, on May 6, 1977, the Commission entered its final order, upholding the action of the respondent HRS in dismissing petitioner from employment. Respondent Commission did not then rule on petitioner’s findings of fact and conclusions of law.
Thereafter, petitioner sought review, raising as error the Commission’s practice of rendering a final order without ruling on each pertinent proposed finding.
In our August 9, 1978, decision in this matter, Forrester v. Career Service Commission of Florida et al., 361 So.2d 220 (Fla. 1st DCA 1978) we held that pursuant to F.S. 120.57, a party has the right to raise pertinent factual issues for administrative *2 determination, to submit proposed findings on those issues and to receive a ruling on each pertinent proposed finding.
In that earlier opinion this court relinquished jurisdiction:
“. . . for a short but reasonable period of time (but not in excess of thirty days) so that the Commission may comply with the statute and this opinion. .
Following entry of our August 1978 decision respondent Commission on September 14, 1978, notified petitioner’s attorney in Tallahassee that this court’s decision would be considered by the Commission on September 19, 1978, at a stated time and place in Orlando. On October 4, 1978, the respondent Commission filed with this Court “Rulings on Proposed Findings of Fact.”
On October 26, 1978, we acknowledged receipt of the “Rulings on Proposed Findings of Fact” and allowed the parties specified times within which to file any further documents, records or briefs.
No further document or amended order was filed to indicate the Commission’s May 6,1977, Order had been revisited or that the Commission’s post decision rulings on the petitioner’s proposed findings of fact had any bearing on or connection with its earlier order. This is confirmed by statements of the Commission in this order denying continuance:
“2. The Appellant’s Motion for Continuance was received in Tallahassee, Florida, September 19, 1978, and the Commission, being unaware of said Motion proceeded to consider the Proposed Findings of Fact herein.
3. The Commission proceeded without regard to the merit of Petitioner’s dismissal and merely complied with the order of the First District Court of Appeal in considering the Proposed Findings of Fact entered herein. In so doing, the Commission did not determine the substantial interests of any party, said interests having previously been determined by the Commission’s Order dated the 6th day of May, A.D., 1977.

F.S. 120.59(2) provides in part:
“If, in accordance with agency rules, a party submitted proposed findings of fact or filed any written application or other request in connection with the proceeding, the order shall include a ruling upon each proposed finding and a brief statement of the grounds for denying the application or request.”
Petitioner has a right to assume his proposed findings of fact will be considered and he is entitled to receive a ruling on each pertinent proposed finding prior to or at least at the time the Commission makes its final decision. See Stuckey’s of Eastman, Georgia v. Department of Transportation, 340 So.2d 119 (Fla. 1st DCA 1976). Otherwise, the requirement that Petitioner be allowed to submit proposed findings and to receive a ruling on each pertinent proposed finding would be no requirement at all and would be meaningless.
Again, without regard to the merits of petitioner’s dismissal, this court relinquishes jurisdiction for a short but reasonable time so that the Commission, without further evidentiary hearing, may comply with the statutes, our order of August 9, 1978, and this order.
ERVIN, Acting C. J., concurs.
BOOTH, J., dissents.