408 So.2d 605 (1981)
ADULT WORLD, INC., d/b/a Strip World Topless Entertainment, Appellant,
v.
STATE of Florida, DIVISION OF ALCOHOLIC BEVERAGES AND TOBACCO, Appellee.
No. 80-1465.
District Court of Appeal of Florida, Fifth District.
December 9, 1981.
Rehearing Denied January 21, 1982.
*606 H. Franklin Robbins, Jr., Orlando, for appellant.
James N. Watson, Jr., Staff Atty., Dept. of Business Regulation, Tallahassee, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant appeals from a final order of the Division of Alcoholic Beverages and Tobacco denying appellant's application to transfer a beverage license from Wiley Pridgen to itself (Adult World, Inc.).
Wiley Pridgen, d/b/a Strip World Topless Entertainment, was served on December 10, 1979, with an "Official Notice" informing him that as the holder of Beverage License 58-1278, "administrative charges are being filed against your beverage license for assignation for prostitution." On December 21, 1979, appellant applied for transfer of Pridgen's license. Pridgen was shown on the application as the president and sole stockholder of appellant corporation.
On March 6, 1980, the Division denied appellant's application for transfer on the ground that "administrative action is pending and undetermined against the subject license." On March 17, 1980, Pridgen was served with a notice to show cause/administrative complaint. Appellant subsequently requested administrative review of the denial of its application for transfer. On October 7, 1980, a hearing officer entered a recommended order stating that the application for transfer be denied. Appellant filed exceptions, but the Division entered its final order denying the application.
The first question is whether the order is invalid because it fails to comply with rule 28.5.405(3), Florida Administrative Code. This rule provides that:
If a party files exceptions to a recommended order or submits proposed findings of fact to the Agency, the final order shall include an explicit ruling on each exception or proposed finding of fact as well as a brief statement of grounds for denying the exception or proposed finding of fact; provided however, an Agency is not required to make explicit rulings on subordinate, cumulative, immaterial or unnecessary proposed facts and such proposed facts may be rejected in the final order by simple statement that they are irrelevant or immaterial.
Here, appellant filed the following exceptions to the hearing officer's recommended order:
2. The action described in the preceding paragraph is contrary to the provisions of Chavers v. Florida Real Estate Commission, 384 So.2d 963 (Fla. 1st DCA 1980); Sheppard v. Board of Dentistry, 385 So.2d 143 (Fla. 1st DCA 1980); and the order entered in Foxies of Orlando, Inc., d/b/a Foxies Lounge, Petitioner v. State of Florida, Division of Alcoholic Beverages and Tobacco, Respondent, DOAH Case No. 80-932.
3. The action described in paragraph 1 above is erroneous because notwithstanding the fact that the "institution" of agency proceedings took place within the ninety (90) day period allowed the agency by section 120.60(2), Florida Statutes, Petitioner's application to transfer was denied on March 6, 1980, prior to the institution of agency proceedings on March 17, 1980. (emphasis added)
The final order did not specifically deal with appellant's exception as to whether the administrative action is contrary to Chavers v. Florida Real Estate Commission and Sheppard v. Board of Dentistry. The order stated:
Petitioner ... filed certain exceptions to the Recommended Order, a copy of which are attached hereto. Upon consideration of the exceptions it is determined that they are not relevant to the ultimate findings herein.
*607 Appellant argues that the failure of the Division to explicitly rule upon the exceptions to the recommended order constitutes reversible error. The cases relied upon for this contention, such as Wong v. Career Service Commission, 371 So.2d 530 (Fla. 1st DCA 1979) and Stuckey's of Eastman, Ga. v. Department of Transportation, 340 So.2d 119 (Fla. 1st DCA 1976), involved situations where an agency failed to rule explicitly on a party's proposed findings of fact. See also Ehrenzeller v. Department of Health and Rehabilitative Services, 390 So.2d 181 (Fla. 2d DCA 1980). In such cases, the agency's omission may impair the fairness and correctness of its action, Ehrenzeller, or may prevent judicial review of the matter. Stuckey's. In Parekh v. Career Service Commission, 346 So.2d 145 (Fla. 1st DCA 1977), the court held that the agency's failure to rule explicitly on petitioner's proposed findings of fact did not under the circumstances impair the fairness of the proceedings or the correctness of the action. The court in Parekh relied on section 120.68(8), Florida Statutes (1979), which provides:
The court shall remand the case for further agency action if it finds that either the fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure.
In its brief, appellant does not suggest that the fairness or correctness of the proceedings may have been impaired by the Divisions' failure to explicitly rule on its exceptions. Nowhere is it factually demonstrated that the exceptions were relevant. It is incumbent upon appellant to demonstrate that the Division's conclusion that an exception is irrelevant is incorrect.
Appellant next contends that revocation or suspension proceedings had not been instituted against the license at the time its application for transfer was denied by the Division and it was therefore entitled as a matter of right to transfer of the license.[1] Appellant's position is based on the fact that the administrative complaint was not filed against Pridgen until March 17, 1980, while the Division denied the application for transfer on March 6, 1980. The Division denied the application on the ground that "administrative action is pending and undetermined against the subject license." However, we do not believe that the controlling question is whether agency proceedings had been instituted.
Section 561.32, as set out in footnote one, does not state that transfer of a license is automatic upon application. It was necessary that appellant establish that this was a bona fide sale, secure approval of its application, and show an absence of agency proceedings. Section 561.15 provides that "Licenses to corporations shall be issued only to corporations whose officers are of good moral character ..." Here the president and sole stockholder of appellant corporation was Pridgen, whose "good moral character" was being scrutinized by the Division. Neither the management nor ultimate ownership had changed, only the technical form. Indeed, Pridgen's office in and ownership of appellant corporation made it necessary for the corporation to demonstrate that there was a bona fide sale of the business. Its failure to do so gave the Division sufficient reason to withhold transfer until determination of the agency proceedings.
We believe this decision is consistent with the public's interest in seeing that the laws *608 and regulations governing the operation of establishments dispensing alcoholic beverages are obeyed and not defeated by a transparent subterfuge. More is required than an owner changing hats to that of corporate president.
The Division's order denying the application is AFFIRMED.
ORFINGER and SHARP, JJ., concur.
NOTES
[1] Section 561.32(1), Florida Statutes (1979), provides in relevant part:

Licenses issued under the provisions of the Beverage Law shall not be transferable except as follows: When a licensee shall have made a bona fide sale of the business which he is so licensed to conduct he may obtain a transfer of such license to the purchaser of said business, provided the application of the purchaser shall be approved by the division in accord with the same procedure provided for in ss. 561.17, 561.18, and 561.19, in the case of issuance of new licenses. However, no one shall be entitled as a matter of right to a transfer of a license when revocation or suspension proceedings have been instituted against a licensee, and transfer of license in any such case shall be within the discretion of the division. (emphasis added)