417 So.2d 1089 (1982)
Morton J. SCHOMER, Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF OPTOMETRY, Appellee.
No. 81-1805.
District Court of Appeal of Florida, Third District.
August 10, 1982.
Michael B. Udell, North Miami Beach, for appellant.
Salvatore A. Carpino, Tallahassee, for appellee.
Before BARKDULL, HENDRY and BASKIN, JJ.
*1090 HENDRY, Judge.
Appellant Morton Schomer seeks review of a final order of the Board of Optometry suspending his license for three months for violations of Chapter 463, Florida Statutes, and rules pursuant thereto. The only question presented which merits discussion is whether the Board's final order, adopting the recommended order of the hearing officer, departed from statutory requirements by failing to include individually stated findings of fact and conclusions of law, and failing to explicitly rule on each proposed finding of fact submitted by appellant pursuant to section 120.57(1)(b)4, Florida Statutes (1979).
Prior to the formal administrative hearing in this case, appellant filed proposed findings of fact and conclusions of law. Subsequent to the hearing a recommended order was entered, to which appellant filed exceptions. In a two paragraph final order, the Board adopted and incorporated by reference the findings of fact and conclusions of law contained in the hearing officer's recommended order.
Appellant's argument centers upon the following two provisions of section 120.59 of the Florida Administrative Procedure Act, Florida Statutes (1979), which state in relevant part:
(1) The final order in a proceeding which affects substantial interests shall be in writing or stated in the record and include findings of fact and conclusions of law separately stated... .
* * * * * *
(2) If, in accordance with agency rules, a party submitted proposed findings of fact... the order shall include a ruling upon each proposed finding and a brief statement of the grounds for denying the application or request.
We find that the Board's final order does not violate the requirement of section 120.59(1) that findings of fact and conclusions of law be separately stated. The Board's order specifically adopted the findings of fact and conclusions of law of the hearing officer who submitted a detailed report and recommended order separately stating his findings, conclusions, and recommendations. Section 120.57(1)(b)9, Florida Statutes, clearly permits an agency to adopt the recommended order as the agency's final order or to reject or modify the conclusions of law. City of Panama City v. Florida Public Employees Relations Commission, 364 So.2d 109 (Fla. 1st DCA 1978); Pasco County School Board v. Florida Public Employees Relations Commission, 353 So.2d 108 (Fla. 1st DCA 1977). Since incorporation by reference of a hearing officer's report in an agency order is sufficiently expositive to satisfy statutory requirements, City of Orlando v. International Association of Fire Fighters, Local, 384 So.2d 941 (Fla. 5th DCA 1980); Gentry v. Department of Professional and Occupational Regulations, 283 So.2d 386 (Fla. 1st DCA 1973), the only remaining question is whether the hearing officer's disposition of appellant's proposed findings satisfied the statute.
The basis for the requirement in section 120.59(2) that an administrative party's proposed findings of fact be ruled upon is that without a fairly distinct treatment of the proposed findings the reviewing court must go through the entire record to determine whether the order corresponds to the evidence. This provision thus requires the agency to, on the record, discuss, treat and dispose of the major factual issues in the case.
As with all such rules, however, the courts will not elevate form over substance, and accordingly, the agency need not independently quote verbatim each proposed finding and independently dispose of that proposed finding; rather, it is sufficient that the agency provide in its decision a written foundation upon which the reviewing court may assure that all proposed findings of fact have been considered and ruled upon and not overlooked or concealed.
In the present case, appellant proposed thirty-three findings of fact. The hearing officer set out findings of fact which do not correspond numerically to those proposed by appellant. However, this *1091 court has carefully scrutinized the recommended order and compared the appellant's proposed findings with the findings of fact and conclude that no proposed finding of fact was completely disregarded or overlooked by the agency. Rather, the agency adopted the appellant's proposed findings in many instances, entered findings of fact which were contrary to appellant's proposed findings in others, and in the remaining instances specifically stated that:
To the extent that the following Findings of Fact do not contain the proposed findings, they have been rejected as not being relevant to the issues or not being based upon evidence adduced at the hearing, or as being inconsistent with evidence which the Hearing Officer deems more credible.
Subordinate, cumulative, immaterial or unnecessary proposed facts in administrative proceedings may properly be rejected by a simple statement that they are immaterial or irrelevant, Wong v. Career Service Commission, 371 So.2d 530 (Fla. 1st DCA 1979); Forrester v. Career Service Commission, 361 So.2d 220 (Fla. 1st DCA 1978), cert. denied, 368 So.2d 1366 (Fla. 1979), and no substantive proposed finding is unaddressed by the agency's order in this case. Accordingly, any departure from the statute did not materially impair the fairness or correctness of the proceedings, see Adult World, Inc. v. State, Division of Alcoholic Beverages and Tobacco, 408 So.2d 605 (Fla. 5th DCA 1981); Parekh v. Career Service Commission, 346 So.2d 145 (Fla. 1st DCA 1977); sec. 120.68(8), Fla. Stat. (1979), and is not contrary to the letter or spirit of section 120.59,[1] Florida Statutes (1979).
Affirmed.
NOTES
[1] Although we decline to hold that such a form is required by section 120.59, it would be helpful in the future for agencies to specifically set out proposed findings of fact and responses thereto in order to aid the reviewing court and protect the rights of parties affected by administrative action.