436 So.2d 951 (1983)
Jack D. PELHAM, Appellant,
v.
SUPERINTENDENT OF THE SCHOOL BOARD OF WAKULLA COUNTY, Florida, Appellee.
No. AP-348.
District Court of Appeal of Florida, First District.
July 13, 1983.
Rehearings Denied September 23, 1983.
*952 David A. Barrett and Albert Craig Penson of Barrett, Bajoczky & Barrett, Tallahassee, for appellant.
Brian T. Hayes, Monticello, for appellee.
NIMMONS, Judge.
Pelham appeals from final agency action by the Wakulla County School Board dismissing him as a teacher from the Wakulla County school system. By reason of the failure of the hearing officer and School Board to address certain of Pelham's proposed findings of fact, we are impeded from reviewing the Board's final order and must remand for further proceedings.
Pelham was a continuing contract instructor in the Wakulla County school system and principal of the Wakulla High School on an annual contract basis. He was initially charged by the School Board with taking substantial sums of money from football game receipts and, after further investigation, eleven other charges were filed for converting school funds to his personal use. At the commencement of the hearing presided over by a hearing officer from the Division of Administrative Hearings (DOAH), the School Board voluntarily dismissed three of the charges leaving eight remaining counts which were prosecuted including those dealing with the alleged conversion of football game receipts. The School Board's post-hearing final order accepted the hearing officer's recommendation of acquittal with respect to the charges pertaining to the football game receipts and all but two of the remaining charges. The two charges which the Board found were sustained by the evidence and for which Pelham was dismissed centered around: (1) the alleged conversion in September, 1980, of $27.85 in school funds by Pelham's ordering parts for the repair of his lawn tractor which he had delivered to the school's small engine repair class; and (2) the alleged conversion in October, 1981, of $113.31 of school funds by reason of Pelham's ordering a tennis net which Pelham installed at his residence and which was paid for with school funds. The School Board's final order dismissed Pelham for misconduct in office.[1]
Prior to the submission by the hearing officer of his recommended order to the School Board, counsel for Pelham, as was *953 his right under Section 120.57(1)(b)4, Florida Statutes, timely submitted to the hearing officer proposed findings of fact, some of which neither the hearing officer nor the School Board, respectively, addressed in the recommended order or the Board's final order.
With respect to the tennis net transaction, among the findings of fact urged by Pelham were: (1) that Pelham did not disguise the purchase as a Wakulla High School expense; (2) that the tennis net was charged to the school's General Fund Internal Account instead of the Athletic Fund Internal Account, the school having no use for a tennis net; (3) that Pelham recognized his responsibility to reimburse the school and at the time the school check was issued, he advised the school bookkeeper that he would reimburse the school with his own check; and (4) that expenditure of school funds in the above manner and with the intention of reimbursement was a matter of common practice in the Wakulla school system.
Pelham's proposed findings pertaining to the use of $27.85 in school funds for the purchase of engine parts to repair his lawn tractor included the proposed finding that "the practice of using Internal Account funds for purchasing parts for use in the Vocational Department, subject to reimbursement when the project is delivered to the owner, has been and continues to be an accepted practice."
This court has previously recognized that a school board is an agency and, therefore, subject to the operation of Chapter 120, Florida Statutes. Witgenstein v. School Board of Leon County, 347 So.2d 1069 (Fla. 1st DCA 1977). When a party to a Section 120.57 hearing submits proposed findings of fact, the agency must make an explicit ruling on each proposed finding unless such finding is subordinate, cumulative, immaterial or unnecessary. Section 120.59(2), Fla. Stat.; Wong v. Career Serv. Com'n, 371 So.2d 530 (Fla. 1st DCA 1979); Stuckey's of Eastman, Ga. v. Dept. of Transp., 340 So.2d 119 (Fla. 1st DCA 1976); Forrester v. Career Service Commission of Florida, 361 So.2d 220 (Fla. 1st DCA 1978); McDonald v. Dept. of Banking and Finance, 346 So.2d 569, 583 (Fla. 1st DCA 1977). Otherwise, the requirement of Section 120.57(1)(b)4 that a party be allowed to submit proposed findings and to receive a ruling on each pertinent proposed finding would be no requirement at all and would be meaningless. Forrester v. Career Service Commission, 393 So.2d 1 (Fla. 1st DCA 1980).
The hearing officer's recommended order failed to address Pelham's above-described proposed findings. Likewise, the School Board's final order adopted the hearing officer's findings of fact without addressing those additional findings proposed by Pelham. The hearing officer's recommended order and the Board's final order did indeed adopt a number of Pelham's proposed findings of fact. However, with respect to the above-referred findings which were not accepted, the only portion of the hearing officer's recommended order which could be regarded as an indirect reference thereto was his statement:
Respondent [Pelham] submitted timely proposed findings which are incorporated herein to the extent they are relevant and consistent with the evidence.
This cannot be regarded as the kind of explicit ruling on a party's proposed findings required by Section 120.59(2). See Stuckey's of Eastman, Ga. v. Dept. of Transp., supra. Moreover, to the extent that the above statement of the hearing officer can be regarded as referring to the above-referred proposed findings, it is impossible to tell whether those findings were omitted: (1) because they were found not to be supported by the evidence; or (2) because they were deemed to be immaterial.
Based upon the record in this case, including the fact that the School Board was successful in the prosecution of only two of the original charges (and those being among the less serious charges), it would be erroneous for us to hold that the failure of the hearing officer and School Board to rule upon the proposed findings was harmless error inasmuch as we cannot conclude that *954 the proposed findings were "subordinate, cumulative, immaterial, or unnecessary." Wong v. Career Serv. Com'n, supra; compare Schomer v. Dept. of Professional Reg., 417 So.2d 1089 (Fla. 3rd DCA 1982).
The final order of the appellee School Board is vacated and the cause remanded to appellee for the entry of an amended final order after submission of an amended recommended order by the hearing officer ruling upon Pelham's above-referred proposed findings. Prior to the Board's entry of its amended final order, opportunity shall be afforded by the Board for submission of exceptions to the hearing officer's amended recommended order pursuant to Section 120.57(1)(b)4, Florida Statutes.
Reversed and remanded.
LARRY G. SMITH and JOANOS, JJ., concur.
NOTES
[1] "Misconduct in Office," a ground supporting dismissal of principals or members of the instructional staff, Section 231.36(6), Florida statutes, was defined as follows by Fla. Admin. Code Rule 6B-4.09(3), which was in effect at the time of the alleged violations:

"Misconduct in office is defined as a violation of the Code of Ethics of the education profession so serious as to impair the individual's effectiveness in the school system."
The pertinent section of the Code of Ethics of the Education Profession referred to above which was in effect at the time of the alleged violations is as follows:
"(2) In fulfilling his obligation to the public, the educator 
* * * * * *
(d) Shall not use institutional privileges for private gain... ." [Rule 6B-1.03(2)(d), FAC]