458 So.2d 1159 (1984)
Berthold KINAST, Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, Construction Industry Licensing Board, Appellee.
No. AX-328.
District Court of Appeal of Florida, First District.
November 6, 1984.
Kenneth G. Oertel and Segundo J. Fernandez of Oertel & Hoffman, P.A., Tallahassee, for appellant.
Edward C. Hill, Jr., Tallahassee, for appellee.
*1160 MILLS, Judge.
Kinast appeals from a final order suspending his residential contractor's license for three years, to be followed by three years probation, and imposing a $1,000 fine. The order is vacated, and the cause remanded for entry of an amended final order.
The proceedings against Kinast were commenced by a twelve-count administrative complaint alleging various violations of § 489.129(1), Florida Statutes (1981). Counts I-III and V-VII charged that Kinast had falsely sworn that certain construction bills had been paid, in order to obtain further construction monies. Counts IV and X alleged violation of applicable building codes in construction projects. Count VIII charged improper diversion of construction funds so as to render impossible the completion of the project for which the funds were intended and Count XI related to Kinast's conviction for passing a worthless check to purchase building materials, i.e., conviction of a crime directly relating to the practice of contracting.
A hearing pursuant to § 120.57(1), Florida Statutes (1983), was requested by Kinast and granted. At the conclusion of the hearing, both Kinast and the Department submitted proposed recommended orders. Kinast's proposed order took the form of a handwritten letter, which did not clearly delineate "findings of fact" and "conclusions of law." However, the proposed facts were set off by the count number to which they related, and were clearly separated from the "conclusion."
The recommended order of the hearing officer did not address each of Kinast's proposed facts, despite the requirement of § 120.59(2), Florida Statutes (1983), that
[i]f, in accordance with agency rules, a party submitted proposed findings of fact or filed any written application or other request in connection with the proceeding, the order shall include a ruling upon each proposed finding and a brief statement of the grounds for denying the application or request.
Rather, the hearing officer stated at the outset of the recommended order that "to the extent the proposed findings of fact have not been adopted in this recommended order they have been rejected as not having been supported by the evidence, as irrelevant to the issues under consideration or as constituting unsupported argument of counsel or conclusions of law." The order proceeded to find that all but one of the charges against Kinast had been proven by the agency, and imposed the sanctions discussed above. The final order adopted the recommended order in its entirety.
It has been held that the necessity for a ruling on each of a party's proposed facts is obviated if "such findings [are] subordinate, cumulative, immaterial or unnecessary." Wong v. Career Service Commission, 371 So.2d 530, 531 (Fla. 1st DCA 1979). We cannot find that Kinast's proposed facts fall within this exception. Specifically with regard to the counts of the complaint alleging false affidavits or endorsements to obtain additional funds, Kinast requested findings that the bills relied on by the agency to prove this charge were either not due or the jobs to which they applied were not complete at the time of Kinast's signatures. No rulings were made as to these proposed findings, which, if true, would tend to negate the validity of the charges. Under these circumstances, it cannot be argued that the proposed facts were "immaterial or unnecessary." Wong, supra.
This is not the first time the court has addressed a hearing officer's failure to comply with § 120.59(2). The same type of "blanket" statement was used to dispose of proposed findings in Pelham v. Superintendent of the Wakulla County School Board, 436 So.2d 951 (Fla. 1st DCA 1983). In rejecting the statement, the court held that
[t]his cannot be regarded as the kind of explicit ruling on a party's proposed findings required by Section 120.59(2). Moreover, to the extent that the .. . *1161 statement of the hearing officer can be regarded as referring to the ... proposed findings, it is impossible to tell whether those findings were omitted: 1) because they were found not to be supported by the evidence; or 2) because they were deemed to be immaterial. (citations omitted)
Id. at 953. The same objection applies to the statement made in this case. For that reason, the final order is vacated and the cause is remanded for the entry of an amended final order after submission of an amended recommended order by the hearing officer ruling on Kinast's proposed findings. The Board shall have the opportunity to submit exceptions to the amended recommended order pursuant to § 120.57(1)(b)(4), Florida Statutes (1983).
ERVIN, C.J., and ZEHMER, J., concur.