476 So.2d 1350 (1985)
ISLAND HARBOR BEACH CLUB, LTD., et al., Appellants,
v.
DEPARTMENT OF NATURAL RESOURCES, Appellee.
SUNSET REALTY CORPORATION, et al., Appellants,
v.
DEPARTMENT OF NATURAL RESOURCES, Appellee.
Nos. BE-355, BE-352.
District Court of Appeal of Florida, First District.
October 10, 1985.
Kenneth G. Oertel, of Oertel & Hoffman, P.A., Tallahassee, for appellant Island Harbor Beach Club, Ltd.
Carlos Alvarez and Carolyn S. Raepple, of Hopping, Boyd, Green & Sams, Tallahassee, for appellant Sunset Realty Corp.
David Guest, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
The Department of Natural Resources (DNR) has proposed an amendment to rule 16B-26.06, Florida Administrative Code, which would move the coastal construction control line in Charlotte County farther inland. Appellants have challenged the validity of the proposed amendment on several grounds. The final order entered by the Division of Administrative Hearings upheld the validity of the proposed amendment.
Appellants have raised six issues on appeal. One of the issues  and the only one we now reach  contends that the hearing officer erred in failing to rule upon each proposed finding of fact submitted by the appellant, contrary to section 120.59(2), Florida Statutes (1983). We agree and temporarily remand to the hearing officer to address each of the proposed findings for the reasons hereinafter discussed.
The proposed findings submitted to the hearing officer need not be set forth in *1351 detail. It is sufficient to say that many of the proposed findings relate to the location of the beach-dune system in Charlotte County, a factual issue which appellants contend is critical because the jurisdiction of DNR does not extend beyond the beach-dune system. These proposed findings of fact are material and relevant to issues raised by appellants and should have been addressed. The only reference to the proposed findings in the twenty-five page final order appears on page seventeen in the following language: "The parties' proposed findings of fact have been considered and have been adopted, in substance, except where unsupported by the weight of the evidence, immaterial, cumulative, or subordinate." (R. 277.)
Appellants contend that the final order should be set aside since the proposed findings have not been separately addressed by the hearing officer, citing Stuckey's of Eastman, Georgia v. Dept. of Transportation, 340 So.2d 119 (Fla. 1st DCA 1976); Forrester v. Career Service Commission, 361 So.2d 220 (Fla. 1st DCA 1978); Wong v. Career Service Commission, 371 So.2d 530 (Fla. 1st DCA 1979); Pelham v. Superintendent of School Board of Wakulla County, 436 So.2d 951 (Fla. 1st DCA 1983); Kinast v. Dept. of Professional Regulation, 458 So.2d 1159 (Fla. 1st DCA 1984). DNR, on the other hand, argues that section 120.59(2) does not require the hearing officer to rule separately on each proposed finding submitted in a rule challenge proceeding because the requirements of that statute are inapplicable to rule challenges, citing Florida Canners Ass'n v. State, Dept. of Citrus, 371 So.2d 503 (Fla. 2d DCA 1979), aff'd on other grounds sub nom. Coca-Cola Co. v. State, Dept. of Citrus, 406 So.2d 1079 (Fla. 1982). Further, DNR argues, even if section 120.59(2) is applicable to rule challenge proceedings, the hearing officer has sufficiently addressed the proposed findings of fact because there is a recognized exception that the hearing officer is not required to make explicit rulings on subordinate, cumulative, immaterial, or unnecessary proposed facts, citing Forrester v. Career Service Commission, 361 So.2d 220.
First, we do not agree with DNR that section 120.59 is inapplicable to proposed rule challenge proceedings. Section 120.59 is applicable to any "final order in a proceeding which affects substantial interests." Section 120.54(4)(a) authorizes "any substantially affected person" to "seek an administrative determination of the invalidity of any proposed rule." Subsection (4)(d) requires that any petition to challenge a proposed rule under section 120.54 "shall be conducted in the same manner as provided in s. 120.57 except that the hearing officer's order shall be final agency action." Since subsection (4)(d) also provides that "the agency proposing the rule and the person requesting the hearing shall be adversary parties," the proceeding is truly an adversarial proceeding. Since the order under review affects substantial interests of the petitioning appellants, is the product of an adversarial proceeding, and constitutes a "final order," we hold that this proposed rule challenge proceeding is clearly subject to the requirements of section 120.59. After studying the decision in Florida Canners Ass'n v. State, Dept. of Citrus, 371 So.2d 503, we do not construe that decision as necessarily holding to the contrary. To the extent that the decision may be construed to so hold, we decline to follow it.
Next we address DNR's argument that it is not necessary to rule on each proposed finding. Apparently there has been considerable, widespread misunderstanding concerning the purpose of section 120.59(2) and the necessity for relating specific rulings to each proposed finding of fact. Section 120.59(2) states:
Findings of fact, if set forth in a manner which is no more than mere tracking of the statutory language, shall be accompanied by a concise and explicit statement of the underlying facts of record which support the findings. If, in accordance with agency rules, a party submitted proposed findings of fact or filed any written application or other request *1352 in connection with the proceeding, the order shall include a ruling upon each proposed finding and a brief statement of the grounds for denying the application or request. [Emphasis added.]
For nearly ten years, section 120.57(1) and section 120.59(2) have been construed as securing to all parties:
[T]he right to raise pertinent factual issues for administrative determination, to submit proposed findings on those issues, to receive an explicit ruling on the matters thus submitted and to preserve them for judicial review. While the Department of Transportation has not provided by rule for submission of proposed findings of fact, see Fla. Admin. Code Rule 14-6, we do not consider that § 120.59(2), above quoted, compromises a party's statutory right by making it depend on the existence of agency rules repeating the statutory mandate. Rather, § 120.59(2) is more reasonably to be regarded as requiring explicit agency rulings on all findings proposed by a party and on such other applications or requests in connection with the proceedings as are permitted by agency rule but not by statute.
Stuckey's of Eastman, Georgia v. Dept. of Transportation, 340 So.2d 119, 120. In Forrester v. Career Service Commission, 361 So.2d 220, the court recognized the party's right to receive a ruling on each pertinent proposed finding of fact, but stated:
However, in so holding we stress that an agency head is not required to make explicit rulings on subordinate, cumulative, immaterial or unnecessary proposed facts. Those proposed findings which fall in such a category may be rejected by a simple statement that they are immaterial or irrelevant.
361 So.2d at 221. Subsequent decisions of this court have repeated that the necessity for explicit rulings on each proposed fact is obviated if such findings are found to be subordinate, cumulative, immaterial, or unnecessary. Kinast v. Dept. of Professional Regulation, 458 So.2d 1159; Pelham v. Superintendent of School Board of Wakulla County, 436 So.2d 951; Wong v. Career Service Comm'n, 371 So.2d 530.
It is perfectly clear that Judge Boyer's statement in Forrester means only that identified proposed findings deemed subordinate, cumulative, immaterial, or unnecessary may be rejected by the simple statement that they are just that, so that no further explicit reason need be stated for rejecting the finding. Presumably, such deficiency would be so obvious that no further explanation would be necessary, unlike the case, for example, where a finding is rejected for technical deficiencies or as not supported by the weight of the evidence, which requires explanation in some detail. It is not, however, the import of the statements in Forrester and subsequent decisions that the hearing officer may simply rule on proposed findings of fact on the stated grounds without an accompanying reference by number or some other meaningful identification of the specific findings being ruled on. While use of the words "subordinate, cumulative, immaterial, or unnecessary" may be sufficient without further explication under Forrester, that decision does not dispense with the need to identify the particular proposed findings being disposed of on one or more of these grounds.
The language of section 120.59(2) is plain and concise; it states in simple terms that "the order shall include a ruling upon each proposed finding." Yet, a substantial portion of the administrative orders reviewed by this court contain only a single paragraph or sentence such as the one quoted from the order under review as the ruling on all proposed findings of fact. It takes little imagination to appreciate that a broad ruling so phrased, without more, makes it necessary during appellate review of the propriety of such rulings to painstakingly compare the final order, the proposed findings, and the record in a frequently frustrating attempt to sort out which proposed finding was rejected on which ground and whether such rejection was proper or improper. Performance of this task has often *1353 taken considerable time and effort which could have been avoided by the simple expedient of referring to numbered paragraphs in the appealed order.
It is standard practice in litigated matters to number paragraphs in pleadings and orders for the purpose of facilitating ease of reference by the litigants and the reviewing authority. For example, our rules of civil procedure state that claims for relief and defenses thereto "shall be made in consecutively numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances and a paragraph may be referred to by number in all subsequent pleadings." Rule 1.110, Fla.R.Civ.P. Interrogatories "shall be arranged so that a blank space is provided after each separately numbered interrogatory." Rule 1.340(e), Fla.R.Civ.P. It is common practice to number separate matters set forth in requests for admissions. Rule 1.370, Fla.R.Civ.P. Likewise, proposed findings of fact and conclusions of law, whether filed in court or in administrative proceedings, are commonly numbered in separate paragraphs for ease of reference. Therefore, we perceive that it would be no great imposition for hearing officers to rule on each of the proposed findings of fact submitted by a party by referring to the specific paragraph numbers being considered. For example, the final order may conveniently state that proposed findings 2, 4, 6, 8, 10, and 12 are rejected as immaterial; proposed findings 1, 3, and 5 are rejected as cumulative; proposed findings 7 and 9 are covered by paragraphs 4 and 5 of the final order, and so forth. Certainly, proposed findings collectively dealt with in the manner suggested will make perfectly clear to the reviewing court (and the lawyers handling the appeal) the basis for disposition of each proposed finding of fact and will fully comply with the spirit and intent of section 120.59(2).
Administrative proceedings are frequently complex, technical, and difficult to understand. Honoring the true intent and purpose of the statutory requirement to explicate the ruling on proposed findings is essential to the smooth functioning of the administrative process and subsequent judicial review. We stop, this time, short of construing section 120.59(2) as imposing a rigid requirement to use numbered paragraphs when ruling on proposed findings in every case. We do hold that simply ruling on all proposed findings in a single broadly phrased paragraph, as was done in the order under review, is totally insufficient to comply with section 120.59(2).
Accordingly, we relinquish jurisdiction for a period not exceeding thirty days, and remand to the Division of Administrative Hearings with directions to rule upon the proposed findings of fact in accordance with the statute and this opinion. See Forrester v. Career Service Commission, 361 So.2d 220. Because these explicit rulings may give rise to a need for further argument, the appellants shall have fifteen days after service of a revised or amended final order explicitly ruling on the proposed findings to file a supplemental brief presenting new arguments not covered in the briefs heretofore filed with the court. Appellees shall have fifteen days after service thereof to serve their answer, and appellants ten days in which to file a reply brief.
SHIVERS, J., concurs.
WENTWORTH, J., concurs with opinion.
WENTWORTH, Judge, concurring.
I concur in the majority opinion but would note, in accordance with Schomer v. Department of Professional Regulation, Board of Optometry, 417 So.2d 1089 (Fla. 3d DCA 1982), that explicit reference to proposed findings of fact, whether by numbered identification or otherwise, is not essential if the agency ruling as to each proposed finding is manifestly apparent from the face of the administrative order.