484 So.2d 1315 (1986)
Ivan ITURRALDE, Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, Appellee.
No. BH-75.
District Court of Appeal of Florida, First District.
March 6, 1986.
Segundo J. Fernandez and M. Christopher Bryant of Oertel & Hoffman, P.A., Tallahassee, for appellant.
Michael J. Cohen, Ft. Lauderdale, for appellee.
JOANOS, Judge.
Iturralde appeals an order of the Department of Professional Regulation, Board of Medical Examiners, which revoked his medical license. We reverse and remand.
Subsequent to a lengthy formal hearing a hearing officer from the Department of Administrative Hearings filed a recommended order urging Iturralde's license be revoked for violations of Sections 458.331(1)(n), (q), (t) and (cc), Florida Statutes (1981). Iturralde duly filed twenty-four exceptions to the recommended order as he is entitled to by sections 120.57(1)(b)4 and 8, F.S. (1983).
The Board of Medical Examiners adopted the recommended order in its entirety and ordered Iturralde's license revoked. Iturralde's exceptions were summarily rejected with the statement: "The exceptions to the recommended order posed by Respondent are rejected in that the evidence in the record supports the hearing officer's findings of fact and the Board is comfortable with the evidentiary rulings of the hearing officer. Further, to accept the exceptions posed by Respondent would require the Board to rule on constitutional questions. This the Board may not do."
Rule 28-5.405(3), which was adopted by the Department of Professional Regulations in Rule 21M-18.04, states:
If a party files exceptions to a recommended order or submits proposed findings of fact to the Agency, the final order shall include an explicit ruling on *1316 each exception or proposed finding of fact as well as a brief statement of grounds for denying the exception or proposed finding of fact; provided, however, an Agency is not required to make explicit rulings on subordinate, cumulative, immaterial, or unnecessary proposed facts and such proposed facts may be rejected in the final order by simple statement that they are irrelevant or immaterial."
We have expressly held that a party to a 120.57 proceeding is entitled to submit proposed findings of fact (s.120.57(1)(b)4), and that an agency must explicitly rule on those proposed findings of fact (s.120.59(2)). The agency is excused from the duty of explicit rulings only if the facts proposed are subordinate, cumulative, immaterial or unnecessary and the agency designates them as such. See Island Harbor Beach Club, Ltd. v. Dept. of Natural Resources, 476 So.2d 1350 (Fla. 1st DCA 1985); Kinast v. Dept. of Professional Regulation, 458 So.2d 1159 (Fla. 1st DCA 1984); Pelham v. Superintendent of School Board of Wakulla County, 436 So.2d 951 (Fla. 1st DCA 1983); Wong v. Career Service Commission, 371 So.2d 530 (Fla. 1st DCA 1979); Forrester v. Career Service Commission, 361 So.2d 220 (Fla. 1st DCA 1978); Stuckey's of Eastman, Georgia v. Dept. of Transportation, 340 So.2d 119 (Fla. 1st DCA 1976). "Otherwise the requirement of s.120.57(1)(b)4 would be no requirement at all and would be meaningless." Pelham v. Superintendent, supra, citing, Forrester v. Career Service Commission, supra.
The same reasoning applies in this case. Both sections 120.57(1)(b)4 and 8 grant parties to an administrative proceeding the right to submit exceptions to recommended orders. Rule 28-5.405(3) requires the agency to explicitly rule on these exceptions. The Rule does not even seem to give the agency the leniency of finding the exceptions subordinate, cumulative, immaterial or unnecessary.
It is clear from the record on appeal that the Board specifically decided against expressly ruling on Iturralde's exceptions. Rule 28-5.405(3) does not allow the Board that luxury. See also Lloyd v. Department of Professional Regulation, 473 So.2d 720 (Fla. 4th DCA 1985).
Consequently, we remand the final order to the Board of Medical Examiners to expressly rule on the exceptions submitted by Iturralde. Because of this disposition, we do not reach Iturralde's other allegations of error.
Reversed and remanded.
SHIVERS and NIMMONS, JJ., concur.