490 So.2d 1012 (1986)
Stanley McINTYRE, Appellant,
v.
Gloria H. TUCKER, Superintendent of Schools for Franklin County, Florida, Appellee.
No. BF-424.
District Court of Appeal of Florida, First District.
June 18, 1986.
*1013 Paolo G. Annino, Legal Services of North Florida, Tallahassee, for appellant.
Van Russell, of Watkins & Russell, Apalachicola, for appellee.
MILLS, Judge.
This is an appeal from a final order by the Franklin County School Board terminating McIntyre's employment. McIntyre contends the School Board committed procedural error by failing to mention any of his proposed findings of fact in its final order. He further urges this court to find that he was denied a fair hearing because, among other things, the School Board's attorney acted as both legal advisor and prosecutor in the same hearing. We reverse.
In response to the School Board's recommended order of termination, McIntyre submitted to the Board a list of exceptions and proposed findings of fact. However, the School Board's final order was absolutely silent as to the exceptions and proposed findings, and as such, is in clear violation of the Florida Administrative Procedure Act. Section 120.59(2), Florida Statutes (Supp. 1984); Rule 28.405(3), Fla. Admin. Code.
Section 120.59(2) specifically mandates that when a party submits proposed findings of fact or files any written application in connection with the proceeding, the order shall include a ruling upon each and a brief statement of the grounds for denying the application or request. In case after case, this court has remanded final agency orders which failed to address an appellant's proposed findings of facts. Wong v. Career Service Commission, 371 So.2d 530 (Fla. 1st DCA 1979); Pelham v. Superintendent of School Board of Wakulla County, 436 So.2d 951 (Fla. 1st DCA 1983); Island Harbor Beach Club, Ltd. v. Dept. of Natural Resources, 476 So.2d 1350 (Fla. 1st DCA 1985).
At the hearing in question, the School Board's attorney acted as both prosecutor, representing the interests of his client the School Board, and legal advisor, advising the Board in its capacity as hearing officer. In practice, impartiality and zealous representation are inherently incompatible in the same person at the same time. As the court in Metropolitan Dade County v. Florida Processing Company, 218 So.2d 495 (Fla. 3d DCA 1969), stated:
[I]t is sufficient for us to point out that it would be in closer accord with traditional notions of justice and fair play for a quasi administrative board to designate one person to act as its legal advisor and a different person to act as its prosecutor.
In the only other Florida appellate decision on point, Ford v. Bay County School Board, 246 So.2d 119 (Fla. 1st DCA 1970), this court explicitly agreed with the above-cited language. In Ford, it was held that the petitioner's due process rights were not violated since the School Board's attorney did not proffer legal advice during the *1014 hearing and was not present at the separate hearing wherein the final judgment was rendered. In contrast, the School Board attorney in the instant case was present at the final meeting of the Board and he did proffer legal advice. Consequently, we find error was committed and McIntyre was denied a fair hearing.
We have considered the remaining points urged by McIntyre on appeal; however, in view of the conclusions reached on the above issues, they do not merit our discussion.
For the foregoing reasons, we vacate the School Board's final order and remand with directions that it grant McIntyre's request for a new hearing.
WENTWORTH and NIMMONS, JJ., concur.