492 So.2d 697 (1986)
Earl B. BRITT, M.D., Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, Board of Medical Examiners, Appellee.
No. BH-180.
District Court of Appeal of Florida, First District.
July 9, 1986.
Rehearing Denied September 5, 1986.
*698 Paul Watson Lambert, of Taylor, Brion, Buker & Greene, Tallahassee, and Stephen Turner, of Culpepper, Pelham, Turner & Mannheimer, Tallahassee, for appellant.
Joseph W. Lawrence, II, Chief Atty., Dept. of Professional Regulation, for appellee.
WENTWORTH, Judge.
Appellant seeks review of an administrative order by which his license to practice medicine was suspended for three months and a $2,000 fine imposed. The disciplinary action was initiated by an administrative complaint filed in November 1983, and proceeded upon a second amended complaint filed in March 1984. After a preliminary conference a hearing ensued, resulting in a March 1985 recommended order and final agency action in June 1985. The appellate record consists of nearly 2,000 legal-size pages of testimony and evidentiary exhibits. Various motions were filed, including requests for extensions of time which were granted by this court. Appellate briefs (with appendixes) were presented with seven issues totalling 122 pages. Despite appellant's voluminous effort, we find that no point of reversible error has been presented and we therefore affirm the order appealed.
Appellant was charged with violations of Chapter 458, Florida Statutes, upon an allegation that he had rendered written interpretations and reports on certain patient studies without reviewing any such studies. The evidence at the hearing was found to establish that in over 30 instances appellant produced interpretations for nonexisting studies, or without reviewing studies which did exist.
Appellant was found to have violated section 458.331(1)(t), Florida Statutes, by engaging in gross or repeated malpractice or failing to practice medicine in a manner recognized as acceptable under the circumstances. Although section 458.331(1)(t) references section 768.45, Florida Statutes, which establishes standards of recovery in medical negligence actions for death or personal injury, we conclude that contrary to appellant's contention disciplinary action *699 pursuant to Chapter 458 does not require a showing of actual injury. Expert testimony did establish that appellant's actions created the potential for actual injury or harm, and the agency's construction of section 458.331(1)(t) is within the permissible range of its regulatory expertise and authority.
Appellant was also found to have violated section 458.331(1)(l), Florida Statutes, by making deceptive, untrue, or fraudulent misrepresentations. There is adequate evidence for this finding, and the agency's order clearly delineates the substantive violation. However, due to an apparent scrivener's error the appealed order improperly references subsection (e) rather than (l). The record indicates that appellant was not thereby prejudiced, and we thus amend the order so as to delete the inappropriate reference to subsection (e) and substitute the correct citation to section 458.331(1)(l).
Appellant was further found to have violated section 458.331(1)(i), Florida Statutes, by making or filing a report known to be false. The statute expressly prohibits:
... making or filing a report which the licensee knows to be false, intentionally or negligently failing to file a report or record required by state or federal law, willfully impeding or obstructing such filing or inducing another person to do so....
In Department of Professional Regulation v. Alsina, 6 FALR 3863 (March 14, 1984), it was determined in an unappealed administrative order that submitting a fraudulent bill to an insurance company does not fall within the ambit of the conduct prohibited by section 458.331(1)(i). While Alsina suggests that the statute relates only to documents required to be filed with some governmental or regulatory body, in the present case the agency has determined that the statute is violated by making a false report regardless of whether it is required to be filed by state or federal law. This interpretation is consistent with a direct grammatical reading of the statute, inasmuch as the state or federal law requirement is separately positioned with the independent violation of failure to file. Alsina thus does not control the present case, and the agency has permissibly receded from any suggestion to the contrary which may be found in Alsina.
The hearing officer's recommended order concluded that appellant's license should be suspended for 30 days, followed by a probationary period, and that a fine of $2,000 should be imposed. Appellant filed exceptions to the recommended order, reiterating arguments which were presented during the course of the hearing and which were also submitted to the hearing officer in a pleading consisting of 50 legal-size pages. The agency's final order expressly rejects appellant's exceptions for the stated reason that there is competent substantial evidence to support the findings and conclusions in the recommended order. The agency adopted the recommended order, but increased the recommended penalty to a three month suspension and $2,000 fine for the stated reason that the recommended penalty was "too lenient based on the gravity of the offenses." The agency further noted the "potential for harm" and that "the offenses constitute a breach of trust which the patient places with his physician."
Florida Administrative Code Rule 28-5.405(3) establishes that when exceptions to a recommended order are filed the agency's final order "shall include an explicit ruling on each exception... ." An agency's failure to comply with this rule may necessitate reversal and remand of the agency order. See Lloyd v. Department of Professional Regulation, 473 So.2d 720 (Fla. 4th DCA 1975). In Iturralde v. Department of Professional Regulation, 484 So.2d 1315 (Fla. 1st DCA 1986), this court determined that an agency's statement that exceptions were rejected because "the evidence in the record supports the hearing officer's findings of fact" did not satisfy the requirement of an explicit ruling. However, in the present case appellant's exceptions merely reiterated the position *700 which had been repeatedly asserted before the hearing officer, and the various aspects of appellant's position were clearly and specifically addressed in the recommended order which was approved and incorporated by the agency's final order. The absence of any further explicit ruling on appellant's exceptions thus did not impair the fairness of the proceeding or the correctness of the agency action; in these circumstances the agency order need not be reversed. See Adult World Inc. v. State of Florida Division of Alcoholic Beverages & Tobacco, 408 So.2d 605 (Fla. 5th DCA 1982).
Section 120.57(1)(b)9 provides that:
The agency may accept the recommended penalty in a recommended order, but may not reduce or increase it without a review of the complete record and without stating with particularity its reasons therefor in the order, by citing to the record and justifying the action.
A recommended penalty thus may not be increased merely upon an agency's disagreement with the recommendation, absent a statement of specific reasons for the increase. See Hutson v. Casey, 484 So.2d 1284 (Fla. 1st DCA 1986). But in the present case the agency's reasons for increasing the recommended penalty were expressly stated and it was indicated that this disposition was reached upon "a complete review of the record." The nature of the stated reasons does not warrant more definite record citation, and the requirements of section 120.57(1)(b)9 have been satisfied in substance.
As amended, the order appealed is affirmed.
MILLS, J., concurs.
NIMMONS, J., concurs in part & dissents in part with written opinion.
NIMMONS, Judge, concurring in part and dissenting in part.
With one exception, I agree with the majority's opinion.
I disagree that the agency complied with the provisions of Section 120.57(1)(b)9 (Florida Statutes 1984 Supp.) in increasing the penalty provided for in the recommended order. See Hutson v. Casey, 484 So.2d 1284 (Fla. 1st DCA 1986); Van Ore v. Board of Medical Examiners, 489 So.2d 883 (Fla. 5th DCA 1986).
I would therefore vacate the final order and remand the case to the agency with instructions to enter another final order which complies with the requirements of Section 120.57(1)(b)9, assuming that the Board, on remand, chooses not to accept the hearing officer's recommended penalty.