PEARSON, Judge.
Dade County, its Pollution Control Board, and its Pollution Control Officer ask us to reverse a circuit court final judgment which granted certiorari to the Florida Processing Company, quashed an order of the Pollution Control Board, and remanded the cause to the Pollution Control Board for a “proper hearing.” In an extensive opinion the circuit court held that the order of the Pollution Control Board was illegal because the procedure followed by the Board did not accord the appellee due process of law.
Part of the opinion is the following statement of the facts:
“On September 29, 1966 PAUL WILLIAM LEACH, The Pollution Control Officer for Dade County issued and served upon the Petitioner an Order commanding them to cease and desist the operation of a plant that had been in continuous operation for upwards of eight years, on the grounds that the operation was creating a health hazard by the emission of noxious odors. Petitioner took an Appeal from the Cease and Desist Order to the Pollution Control Board as provided in the Pollution Control Ordinance. Hearings before the Board were thereafter held on October Sth, October 20th, and November 4th, 1968. The Board voted at the last hearing to uphold the Cease and Desist Order issued by the Pollution Control Officer, and the filing of these suits ensued.
“It is alleged * * * and not denied, and, therefore, admitted, that two members of the Board who voted to sustain the Cease and Desist Order were not present at some of the hearings and, therefore, did not hear the testimony upon which their findings and conclusions were based.
“It was likewise alleged, and not denied, and, therefore, admitted that the County Attorney, who was present at the three hearings, held by the Pollution Control Board, acted in a dual capacity representing the Pollution Control Officer as a ‘prosecutor’ and the Board as ‘Judges’.”
*497 These facts led the court to hold “that the proceedings before the Pollution Control Board did not follow the essential requirements of the law.” The court’s holding was based upon the following authorities: Morgan v. United States, 298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288 (1936); Ohio Bell Teleph. Co. v. Public Utilities Commission, 301 U.S. 292, 57 S.Ct. 724, 81 L.Ed. 1093 (1937); and Smith v. Dental Products Co., 168 F.2d 516 (7th Cir. 1948).
The issues presented on this appeal are: (1)whether the fact that two of the members of the Board who voted to sustain the cease and desist order were not present at one of the hearings at which evidence was taken denied the appellee due process of law; (2) whether the fact that the Assistant County Attorney acted both as legal ad-visor to the Board and as the officer conducting the prosecution deprived the appel-lee of a fair hearing of its cause; (3) whether the appellee waived its right to raise the foregoing issues on appeal by failing to raise them at the hearing before the Board.
The Pollution Control Board exercises a quasi-judicial function when it determines the factual and legal sufficiency of a cease and desist order. Cf. U. S. Casualty Co. v. Maryland Casualty Co., Fla. 1951, 55 So.2d 741. As we understand it, the opinion of the circuit court establishes the following rule: One who takes an appeal to a quasi-judicial administrative board is accorded due process of law only if each board member who participates in the board’s decision is present at every hearing during which, testimony is taken.[1]
We find it unnecessary to announce so far reaching a rule in order to decide this appeal. An examination of the record on appeal convinces us that the appel-lee was not accorded due process of law because there is no showing that each of the two Board members whose vote was necessary to affirm the cease and desist order did in fact read the record of the hearing from which they were absent. Nor is there any showing that a full record of the hearing was made available to them. For these reasons, we affirm the judgment appealed.
Having already affirmed the judgment on the foregoing grounds, we do not decide whether the Board denied the ap-pellee due process of law by permitting an Assistant County Attorney to act as both its prosecuting officer and its legal adviser during the hearings. It is sufficient for us to point out that it would be in closer accord with traditional notions of justice and fair play for a quasi-judicial administrative board to designate one person to act as its legal adviser and a different person to act as its prosecutor.[2]
The appellants urge that the appellee waived its right to question on appeal the procedure followed by the Board when it failed to object to that procedure during *498 the hearings. Without deciding whether the record shows any objection, we agree with the circuit court’s observation that the right to due process of law “should not be lightly denied on the basis of waiver or es-toppel, especially where no prejudice to the adverse party is shown.”
The appellants’ last point is that the ■circuit court erred in considering the ap-pellee’s petition for certiorari while it was also considering the appellee’s complaint •which sought to enjoin Metropolitan Dade 'County from closing its business pending a ■determination of the legality of the cease and desist order. No authority is cited to this point, and no error has been demonstrated.
Accordingly the final judgment of the circuit court is affirmed.

. From the opinion of the circuit court:
*****
“I am at a loss to know how a non attending member who votes on the ultimate issue can have properly conveyed to him the demeanor of the witness while testifying or his frankness or lack of it.”
* * * *
“The Court certainly sympathizes with the great demands that are made upon the businessmen who serve on these Commissions without compensation. But as Administrative Boards become more and more the dispensers of justice in the Community, and as the power of life and death in many instances is given to them as to Community and property rights, it is essential that the testimony be by confrontation so that its weight and believability can be fairly determined.”
* * * * Hs
“In view of the foregoing Certiorari is granted, and the Order of the Pollution Control Board is hereby quashed.”

. Cf. Uniform Code of Military Justice, Art. 26, 10 U.S.C. § 826: “Law officer of a general court-martial
(a) * * * No person is eligible to act as law officer in a case if he * * * has acted as investigating officer or as counsel in the same case.”
* * * *