246 So.2d 119 (1970)
Gladyce Inez FORD, Petitioner,
v.
BAY COUNTY SCHOOL BOARD, Respondent.
No. N-436.
District Court of Appeal of Florida, First District.
December 3, 1970.
*120 Costin & Moore, Port St. Joe, for petitioner.
Logue, Bennett & Williams, Panama City, for respondent.
JOHNSON, Chief Judge.
The petitioner herein seeks review by certiorari of a decision of the respondent Board discharging petitioner as a public school teacher and the decision of the State Board of Education of Florida affirming and upholding respondent's decision.
Petitioner had been teaching in the Bay County public school system for about nineteen years. On the weekends she would drive from Panama City to Apalachicola to help her mother operate a liquor store which had been in her family for a number of years. On September 30, 1967, Florida State Beverage Department agents came into the liquor store and claimed to have found a bolita ticket and various other gambling paraphernalia. Petitioner was placed under arrest and charged with possession of a lottery ticket.
On October 6, 1967, the Assistant Superintendent of Bay County Schools sent a letter to petitioner stating that his office *121 had been notified by the Beverage Department that she had been charged with possession of bolita tickets in her place of business and stating that she was suspended from her teaching position effective October 6, 1967, until such time as the Bay County Board of Public Instruction could take action on her case. At its October 11, 1967 meeting, respondent confirmed petitioner's suspension, pending disposition of the charges by the State Beverage Department. Upon request of the Director of the State Beverage Department, the case against petitioner was dismissed by the County Judge for lack of evidence on December 16, 1968.
On May 5, 1969, petitioner wrote a letter to the Superintendent requesting a speedy hearing of the charges, if any, pending against her. The Superintendent replied on June 4th, stating the charges pending against her and that the public hearing was set for June 26, 1969, at which time she would be given an opportunity to present any evidence on the charges. At the public hearing, respondent presented four witnesses and petitioner gave testimony in behalf of herself.
The respondent Board voted unanimously on August 26, 1969 to sustain the charges on which petitioner was originally suspended and to discharge petitioner on the grounds of evidence considered by the Board. Petitioner appealed to the State Board of Education which affirmed the action taken by respondent on May 15, 1970.
Petitioner contends in her brief that she was denied due process of law by respondent Board in two particulars, to wit: (1) the respondent Board did not serve written notice upon petitioner of the time and place of hearing, as required by statute,[1] and (2) the proceedings of the Board at the hearing of June 26, 1969, were not conducted in a completely fair and impartial manner because the attorney for the school board also acted as the prosecutor.
With respect to the lack of notice to petitioner of the time and place of the hearing, it is to be noted that the statute provides that when an employee is "discharged" or "removed" during the school year, he must be given an opportunity to be heard at a public hearing after at least ten days' written notice of the charges against him and of the time and place of the hearing. In cases of "suspension", the school board need hold a public hearing after notice as above provided only if requested by the employee. In the present case, petitioner was suspended by the Board on October 11, 1967, and a public hearing was mandatory only if requested by petitioner. Upon petitioner's request for a hearing made over a year and a half after her suspension, written notice of a public hearing and of the charges against her were promptly given petitioner. The respondent Board fully complied with the terms of the statute in this regard and petitioner cannot be heard to complain of her own lack of diligence in requesting a public hearing.
With respect to the school board attorney acting as prosecutor during the hearing, we recognize and agree with the wording in the opinion of Metropolitan Dade County v. Florida Processing Company, *122 218 So.2d 495, 497 (Fla.App. 3rd, 1969), wherein it was said:
"It is sufficient for us to point out that it would be in closer accord with traditional notions of justice and fair play for a quasi-judicial administrative board to designate one person to act as its legal adviser and a different person to act as its prosecutor."
Nevertheless, an examination of the record shows that while the prosecuting officer was the retained counsel of the school board, he did not proffer legal advice during the hearing nor was he present at the separate meeting at which the final judgment of the respondent Board was rendered. Nor was any objection to the procedure raised by petitioner at the hearing. In administrative hearings conducted by state boards, it is sufficient that the party involved is informed with reasonable certainty of the nature of the charges against him, has a reasonable opportunity to defend himself and the proceedings are conducted in a fair and impartial manner. Woodham v. Williams, 207 So.2d 320 (Fla.App. 1st, 1968); Florida Board of Pharmacy v. Levin, 190 So.2d 768 (Fla. 1966). The various statements, questions and comments of the Board members cited in petitioner's brief are not convincing evidence that petitioner did not receive a fair hearing by an impartial tribunal. Indeed, an examination of the record of the hearing as a whole leads us to conclude that the proceedings were conducted in a fair and impartial manner. Such error as there was in the proceedings was harmless and does not justify quashal of the action here reviewed.
It is next contended that petitioner was not afforded due process of law when the respondent Board discharged petitioner without making specific findings of fact, based upon the evidence adduced at the hearing, which sustained the charges against her. We are inclined to agree with this position.
This Court has authority to review actions of a county school board which result in the termination of a teacher's contract of employment pursuant to the provisions of the Administrative Procedure Act, Chapter 120, F.S.A. Adams v. Board of Public Instruction of Okaloosa County, Florida, 225 So.2d 423 (Fla.App. 1st, 1969). Section 120.31 of that Act confines our jurisdiction only to final orders entered by the administrative body. Until such final order is entered, there is nothing for this Court to review. Powell v. Board of Public Instruction of Levy County, 229 So.2d 308 (Fla.App. 1st, 1969).
The decision rendered by respondent Board on August 26, 1969, read in main part as follows:
"The ballots were passed to the Chairman and the vote was unanimous to sustain the original charges against Miss Ford.
"Moved by Mr. Mosley, seconded by Mrs. Bozeman to discharge Miss Ford on the grounds of evidence considered by the Board. Vote was unanimous."
A final order of a county school board terminating a teacher's contract of employment which is couched in such general language as to amount to nothing more than a verdict of "guilty as charged" is insufficient. Laney v. Holbrook, 150 Fla. 622, 8 So.2d 465 (Fla. 1942). The requirements of the Administrative Procedure Act and due process of law dictate that the agency's final action be reduced to writing and contain findings of fact based upon the evidence adduced at the hearing. Powell v. Board of Public Instruction of Levy County, supra. The reasons for this rule were stated in Hickey v. Wells, 91 So.2d 206, 210 (Fla. 1956), and are as follows:
"The reasons have to do with facilitating judicial review, avoiding judicial usurpation of administrative functions, assuring more careful administrative consideration, helping parties plan their cases for rehearings and judicial review, and keeping agencies within their jurisdiction."
*123 We have fully considered the remaining points urged by petitioner as grounds for issuance of the writ, but find them to be without substantial merit. The action of the respondent Board is quashed for failure to cite the findings of fact upon which the dismissal order was based, as required by the Administrative Procedure Act, and said cause remanded to the Board for entry of an appropriate final order setting forth the findings of fact found from the evidence adduced at the hearing.
Remanded for entry of appropriate order.
RAWLS and SPECTOR, JJ., concur.
NOTES
[1] F.S. § 231.36(6), F.S.A.

"Any member of the * * * instructional staff * * * may be suspended or dismissed at any time during the school year; provided that no such employee may be discharged or removed during the school year without opportunity to be heard at a public hearing after at least ten (10) days' written notice of the charges against him and of the time and place of the hearing; * * * Whenever such charges are made against any such employee of the school board, the school board may suspend such person without pay, pending a speedy hearing of such charges if requested by the employee, * * * In cases of suspension by the school board or by the superintendent, the school board shall hold a public hearing if requested by the employee, after notice as above provided, * * *."