275 So.2d 303 (1973)
Hattie M. BLUNT, Petitioner,
v.
The STATE BOARD OF EDUCATION of the State of Florida, and the Marion County Board of Public Instruction, Respondents.
No. R-91.
District Court of Appeal of Florida, First District.
April 5, 1973.
Rehearing Denied April 20, 1973.
*304 John F. Welch, of Sturgis, Chappell & Welch, Ocala, for petitioner.
Rivers Buford, Jr., General Counsel, Tallahassee, Herbert D. Sikes, Jacksonville, and John P. McKeever, Ocala, for respondents.
SPECTOR, Chief Judge.
Petitioner seeks certiorari review of an order entered by respondent, Marion County Board of Public Instruction, and approved by the State Board of Education canceling her continuing teaching contract.
Petitioner contends, inter alia, that the school board's charges against her are defective because of vagueness, uncertainty and indefiniteness. We do not agree. On March 25, 1969, the County School Superintendent wrote the following reasons for discharging petitioner:
"Mrs. Blunt has exhibited inadequate knowledge of subject matter. She has not exhibited good teaching practices in the conduct of her classes. As a direct result of poor planning and poor organization, student motivation has been poor. Her management of students and class discipline has not met acceptable standards."
Those charges standing alone may be insufficient to apprise the petitioner of the charges against her with that degree of specificity which is demanded by procedural and substantive due process, but it is unnecessary to decide that now since the charges do not stand alone. The record in this proceeding reflects that Mrs. Blunt through her counsel requested a statement of particulars setting forth the facts underlying the charges against her. In response to that request, the school board's attorney tendered the following:
"1. Academics:
a. Unable to teach students of varying abilities.
b. Poor planning, both daily and long range.
c. Improper grammer, both written and spoken.
d. Numerous spelling errors which students copy.
e. Communication with students is poor.
f. Inadequate use of audio-visual aids.
g. Handwriting style is inadequate.
h. Mathematics, English and Reading teaching styles are inadequate.
i. Refuses aid and assistance from principal, assistant principal, other teachers and supervisors.
"2. School Regulations:
a. Records are not kept properly, including planning books and student records.
b. Student records are not accurate.
c. Refuses to sign evaluation sheets.
d. Allows teacher's aide to conduct actual classroom teaching.
e. School reports are submitted late."
*305 It seems to me that the charges made by the board against Mrs. Blunt, when considered in light of the above statement of particulars, were more than sufficient to inform petitioner of the nature of the school board's grievances against her.
Petitioner also contends that the board committed reversible error by failing to make findings of fact in its order of May 7, 1969, which terminated petitioner's teaching contract. We agree that the order is insufficient for want of findings to conform with the requirements of Powell v. Board of Public Instruction of Levy County, 229 So.2d 308 (Fla.App. 1969); and Ford v. Bay County School Board, 246 So.2d 119 (Fla.App. 1970). However, the decisions in both Powell and Ford, supra, were made in 1970 and the school board's order of termination was made May 7, 1969, at a time when we had not yet spelled out the requirement that school boards make specific findings of fact when entering quasi-judicial orders. In both Powell and Ford, this court, being confronted with quasi-judicial orders which did not contain findings of fact supportive of the judgment, remanded those cases with directions that the board enter an order containing findings of fact. In the case at bar, counsel for the Marion County School Board recognized the deficiency of his client's order in this respect during the lengthy proceedings before the State Board of Education and thereupon recommended and advised his client to enter an order nunc pro tunc containing findings of fact in keeping with the Powell and Ford cases. This the respondent board did. The findings of fact made by the board are not lengthy and they are set out as follows:
"Mrs. Hattie Blunt has been a teacher in Marion County's schools since 1943 and a teacher at the Fessenden School (Grades 1-12) since 1953. During the school years 1961-62 through 1967-68, she was evaluated annually by supervisory personnel who evaluated her teaching skill as below average to satisfactory.
"The principal at the Fessenden School for the last six years did not consider her a capable teacher, but retained her on his faculty because of the difficulty of finding a certified teacher to replace her at the then prevailing salary schedule.
"At the conclusion of the 1967-68 school year, the Principal talked with Mrs. Blunt regarding her performance but did not feel he had sufficient evidence at that time to recommend her dismissal.
"Mrs. Blunt began the 1968-69 school year as a second grade teacher but was absent from mid-September to the end of that month because of her mother's death. After daily visits to Mrs. Blunt's classroom and in early November of 1968, the school's Assistant Principal for the elementary grades conferred with the Principal and requested that he observe Mrs. Blunt's teaching and permit the County Supervisor for the primary grades to observe and evaluate Mrs. Blunt's performance.
"On November 7, 1968, the Supervisor visited Mrs. Blunt's classroom and submitted her written evaluation to the school's Principal who, with the Assistant Principal, conferred with Mrs. Blunt that same day and confirmed the conference by letter of November 12, 1968, advising Mrs. Blunt of the need for improvement.
"In subsequent weeks the Supervisor and Assistant Principal continued periodic observations and by letter of December 5, 1968, the Principal submitted the evaluations resulting from these observations to Mrs. Blunt, advising her of his willingness to provide assistance to her if she would accept it and of the possibility of dismissal if her performance did not improve.
"In an effort to allow Mrs. Blunt every chance to prove her competence, the Principal, Assistant Principal and Supervisor continued observations of Mrs. *306 Blunt until late March of 1969, when, in connection with the annual evaluation of personnel, the Principal recommended her dismissal at the end of the school year.
"During the school year 1968-69 and prior to his March recommendation, the Principal visited and observed Mrs. Blunt at various times, five or which he characterized as formal visits; the County Supervisor observed Mrs. Blunt on five occasions ranging from thirty minutes to several hours; and the Assistant Principal was in her room daily and for extended periods of time twice each week. Each was exercising both a right and responsibility to observe and assist Mrs. Blunt whose response to the offers of assistance was unreceptive and hostile.
"Throughout this time Mrs. Blunt demonstrated an inadequate command of standard English evidenced in continuous use of double negatives, confusion of verb tense and misspellings which were repeated by her pupils. Her handwriting and letter formations were improper, making it both difficult for her pupils to read and a basis for similar mistakes by them.
"Mrs. Blunt's organization of her classroom and planning were unacceptable, failed to provide for the needs of children of varying abilities and resulted in wasted time for portions of her class while she worked with others.
"Her communication with her students was handicapped by habitual muffling of her words with her hand in front of her mouth and by nonuse and misuse of standard instructional techniques and practices with resulting confusion and misinstruction.
"In the area of pupil evaluation, reporting and routine record keeping, Mrs. Blunt's performance was unsatisfactory.
"On the basis of the testimony and documentary evidence submitted by the Superintendent it has been shown that Mrs. Blunt has inadequate knowledge of the subject matter taught in the second grade and that her teaching techniques and practices, planning, classroom organization and management do not meet acceptable standards.
"Mrs. Blunt's own testimony fails to impeach the credibility of the Superintendent's proof and, in fact, corroborates certain of the specifics of his evidence, including the lack of clarity of her speech, her inadequate command of standard English and hostility to her supervisors.
"Mrs. Blunt's inadequate knowledge of the subject matter to be taught by her, her nonuse and misuse of good teaching practices and her unacceptable planning, organization and management of her classroom constitute good and sufficient reason for termination of her continuing contract."
The above findings are supported by the testimony given before the board sitting as the trier of fact in a quasi-judicial proceeding. The findings are sufficient to support the board's order terminating petitioner's contract.
To participate in the discharge of a teacher who has served to the best of her ability for 25 years is not easy. Indeed, we would hope that the board could have found some type of employment for Mrs. Blunt in other than a teaching capacity so that she may have full benefit of retirement privileges which she may have looked forward to all these years as an employee of the school board. And, while we think the board should show some compassion to Mrs. Blunt in that regard, it is nonetheless an inescapable fact that the board was authorized to take the action that it did.
We think the board owes a duty to the public, particularly the students, to provide teachers who are competent. No greater disappointment can be suffered by a mother than when she learns that the reason her little Johnny can't read is because his *307 teacher can't teach. We feel sympathetic, of course, to the petitioner's plight after all these years as an employed teacher. But, we suspect that whatever unfairness may be said to be visited upon petitioner by terminating her contract on grounds of incompetency has been surpassed many fold by the unfairness done to the thousands of children who have whiled away the hours in petitioner's classes over a twenty-five year period  listening, but learning not.
For the foregoing reasons, petition for certiorari is denied and the order reviewed herein is affirmed.
CARROLL, DONALD K., and JOHNSON, JJ., concur.