652 So.2d 803 (1995)
CHERRY COMMUNICATIONS, INC., Petitioner,
v.
J. Terry DEASON, etc., et al., Respondents.
No. 83274.
Supreme Court of Florida.
February 2, 1995.
Rehearing Denied April 20, 1995.
Robert L. Shevin and Richard B. Simring of Stroock & Stroock & Lavan, Miami, and Michael J. Hayes, Robert W. Cushing and Kenneth M. Sullivan of Gardner, Carton & Douglas, Chicago, IL, for petitioner.
Robert D. Vandiver, Gen. Counsel and Richard C. Bellak, Associate Gen. Counsel, Florida Public Service Com'n, Tallahassee, for respondent.
ANSTEAD, Justice.
We have for review the Public Service Commission's (Commission) order revoking Cherry Communications, Inc.'s (Cherry) Certificate to Provide Interexchange Services in Florida. We have jurisdiction. Art. V, § (3)(b)(2), Fla. Const. We vacate the Commission's order revoking Cherry's license and remand with instructions for a new hearing consistent with this opinion.
Cherry is a switchless re-seller of long-distance telephone services. In 1992 the Commission issued Cherry a Certificate to Provide Interexchange Services in Florida. Subsequently, as a result of a number of alleged consumer complaints, the Commission ordered Cherry to show cause why it should not have its certificate cancelled or pay a substantial fine.
Cherry timely responded to the Commission's order and filed a Petition for Formal Proceeding. A hearing was conducted before the Commission wherein a Commission attorney served as the prosecutor. During the hearing, another attorney served as the Commission's legal advisor. After the hearing, the prosecuting attorney met with the Commission during its deliberations and submitted advisory memoranda, much of which the Commission adopted in a final order revoking Cherry's certificate to operate in Florida.
On appeal, Cherry has submitted three issues: (1) whether the Commission's post-hearing procedure violated Cherry's due process rights; (2) whether the Commission committed reversible error by admitting hearsay evidence; and (3) whether the Commission's order revoking Cherry's license is unsupported by substantial competent evidence.
*804 Initially, we must determine whether the Commission's post-hearing procedure violated Cherry's right to due process of law, because the same staff attorney who prosecuted the case against Cherry also served as the legal advisor to the Commission post-hearing.
Florida's Administrative Procedure Act empowers administrative agencies to prescribe rules and regulations for its administration, as well as to exercise quasi-judicial functions.[1] The determination of whether a license should be revoked based upon the existence of particular facts in dispute entails the exercise of a quasi-judicial function. In such proceedings, we have held that the "administrative context does not and need not match the judicial model," but that an "`impartial decision-maker is a basic constituent of minimum due process.'" Ridgewood Properties, Inc. v. Department of Community Affairs, 562 So.2d 322, 323 (Fla. 1990) (quoting Megill v. Board of Regents, 541 F.2d 1073, 1079 (5th Cir.1976)). See also Barry v. Barchi, 443 U.S. 55, 99 S.Ct. 2642, 61 L.Ed.2d 365 (1979) (finding an unbiased decisionmaker essential, especially in a license revocation case where a license enables the pursuit of a livelihood).
We have recognized that an agency should have great flexibility in carrying out its diverse functions and in the utilization of staff in a wide range of capacities. See South Florida Natural Gas v. Florida Pub. Serv. Comm'n, 534 So.2d 695 (Fla. 1988).[2] The question we now face is whether the same individual who prosecutes a case on behalf of the agency may also serve to advise the agency in its deliberations as an impartial adjudicator. Florida courts and the Florida Attorney General have cautioned against such practice for a long time. See Op.Att'y Gen.Fla. 72-64 (1972).[3] In Ford v. Bay County School Board, 246 So.2d 119, 121-122 (Fla. 1st DCA 1970), the court considered a similar issue and stated:
With respect to the school board attorney acting as prosecutor during the hearing, we recognize and agree with the wording in the opinion of Metropolitan Dade County v. Florida Processing Company, 218 So.2d 495, 497 (Fla.App. 3rd, 1969), wherein it was said:
"It is sufficient for us to point out that it would be in closer accord with traditional notions of justice and fair play for a quasi-judicial administrative board to designate one person to act as its legal adviser and a different person to act as its prosecutor."
Nevertheless, an examination of the record shows that while the prosecuting officer was the retained counsel of the school *805 board, he did not proffer legal advice during the hearing nor was he present at the separate meeting at which the final judgment of the respondent Board was rendered. ... Such error as there was in the proceedings was harmless and does not justify quashal of the action here reviewed.
(Emphasis added.)
These holdings simply emphasize the point that in our adversarial system of justice, which places a premium on the fairness of the judicial or quasi-judicial procedure, the decisionmaker must not allow one side in the dispute to have a special advantage in influencing the decision. Obviously, for example, it would be unfair to allow a criminal prosecutor to advise a jury during deliberations.
Initially, we note that the Commission appears to have followed the holdings set out above by having two attorneys at the hearing, one to advise and one to prosecute. However, it appears that the prosecuting attorney, unlike the attorney in Ford, played dual roles in these quasi-judicial proceedings. In the role of prosecutor, the attorney cross-examined witnesses, made objections, and argued against Cherry. However, after the hearing, the same attorney assumed the role of advisor to the Commission, which was now supposedly deliberating as an "impartial" adjudicatory body. In this latter capacity, the prosecutor submitted memoranda to the Commission panel, which were not initially provided to Cherry. In the memoranda, the prosecutor commented on the evidence and made recommendations based on his analysis of the record. Significantly, the Commission adopted in substantial form the prosecutor's memoranda in its final order.
While the Commission initially acted wisely in separating the functions of legal prosecutor and legal advisor, we agree with petitioner that the playing field appears to have been titled when the prosecutor was invited into the deliberations and his advice was acted upon. Because the prosecution was given special access to the deliberations, this adjudicatory process "can hardly be characterized as an unbiased, critical review." Ridgewood Properties, Inc. v. Department of Community Affairs, 562 So.2d 322, 323 (Fla. 1990). Accordingly, we hold Cherry's rights were violated under the due process clause of our state constitution when the Commission invited the prosecutor to participate in its deliberations. See Art. I, § 9, Fla. Const.
Accordingly, we vacate the orders under review and remand for a new hearing consistent with this opinion.[4]
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING and WELLS, JJ., concur.
NOTES
[1] Ch. 120, Fla. Stat. (1993).
[2] This case involved the Commission's exercise of its rate-setting authority rather than its quasi-judicial disciplinary authority.
[3] In opinion 72-64, the Attorney General advised an agency in 1972 that in order to maintain fundamental fairness in administrative adversary hearings, there should be a delegation of duties such that one attorney acts as a prosecutor, while another serves as legal advisor to the board. The opinion states in part:

In a vacuum and idealistically, the board could be properly and impartially advised by its own attorney while he is actively involved as prosecuting attorney as to motions, presentation of evidence, objections, recommended final rulings and the type of penalty imposed without prejudice to the defendant or without denying him fundamental fairness. However, more often than not, when a hearing has become heated due to the adversary nature of the particular proceeding, the natural tendency of the prosecuting attorney is to advise his board in a manner most advantageous to what he anticipates is its particular desire within the law and morality of the issues presented.
Thus, it readily appears that the objectivity required by a board sitting as the finder of fact is not practically attained in reference to affording the respondent in such proceeding the full benefits of due process and a fair and impartial hearing. The courts have recognized the inequities in the present proceedings, but, without preempting the responsibilities of various agencies, have stated in the Mack and Florida Processing cases that there is an irregularity in the system of procedures and the procedures should be changed.
The judiciary has left the manner of change open to the legislative and executive branches of government, thus avoiding the assumption of administrative responsibilities residing within the agencies themselves which have the basic authority to employ the necessary personnel to avoid and eliminate the existing inequities of their administrative proceedings.
Id. at 116-17.
[4] Because of our resolution of this issue, we decline to address the remaining issues.