PALMER, J.
Timothy Keen appeals the final order issued by the Florida Real Estate Appraisal Board (FREAB) suspending his real estate appraisal license for one year and imposing other terms and conditions as sanctions for -his misconduct. Concluding that the final order contains certain scrivener’s errors, we remand for correction of same. Finding no other reversible error, we otherwise affirm.
The Department of Business and Professional Regulation (Department) filed ah administrative complaint against Keen charging him with four counts of alleged misconduct in connection with the performance of real estate appraisal services.
Keen was provided with a Notice to Respondents indicating his right to seek either a formal hearing if there were factual matters in dispute, or an informal hearing if there were no factual matters in dispute. Keen signed an election of remedies form indicating that he factually disputed counts I and IV of the complaint and that he did not factually dispute counts II and III of the complaint.
Subsequently, Keen and the Department filed a joint motion with FREAB requesting an informal hearing. The joint motion followed an agreement by the Department to drop counts I and IV of the complaint. This motion was signed by counsel for the Department and indicated that a copy had been sent to Keen in care of his attorney.
The Department then sent a notice setting a hearing on the joint motion for an informal hearing. The notice indicated that, if the request were granted, an informal hearing would be held immediately. The notice was sent via registered mail to Keen at his home address.
The hearing was held on the date scheduled. Neither Keen nor counsel on his behalf appeared. At the hearing, the parties’ request for an informal hearing was granted and the hearing was immediately held. FREAB found Keen guilty on counts II and III and then sanctioned him by suspending his license for one year. This appeal timely followed.
The standard of review of an administrative agency’s adjudicative findings is whether those findings are supported by substantial competent record evidence. Cain v. Unemployment Appeals Com’n, 876 So.2d 592 (Fla. 5th DCA 2004).
Keen first argues that this case should be remanded for a new hearing because he did not receive proper notice of the hearing. Substantial competent evidence is contained in the record showing that Keen had ample notice of both the time of the informal hearing and the charges filed against him. See Ford v. Bay County School Bd., 246 So.2d 119 (Fla. 1st DCA 1970). If Keen had any objections to the informal hearing process he should have raised his objections at or prior to the hearing.
Keen also challenges FREAB’s final order claiming that FREAB failed to follow the proper procedures set forth by Chapter 120-of the Florida Administrative Procedures Act. Section 120.569(1) & (2)(a) of the Florida Statutes provides:
*808 120.569. Decisions which affect substantial interests
(1) The provisions of this section apply in all proceedings in which the substantial interests of a party are determined by an agency, unless the parties are proceeding under s. 120.573 or s. 120.574. Unless waived by all parties, s. 120.57(1) applies whenever the proceeding involves a disputed issue of material fact. Unless otherwise agreed, s. 120.57(2) applies in all other cases. ...
(2)(a) Except for any proceeding conducted as prescribed in s. 120.56, a petition or request for a hearing under this section shall be filed with the agency. If the agency requests an administrative law judge from the division, it shall so notify the division within 15 days after receipt of the petition or request. A request for a hearing shall be granted or denied within 15 days after receipt.
§ 120.569(1) & (2)(a), Fla. Stat. (2003) (emphasis added). Section 120.57(2)(a) of the Florida Statutes provides:
120.57. Additional procedures for particular cases
* * *
(2) Additional procedures applicable to hearings not involving disputed issues of material fact. — In any case to which subsection (1) does not apply:
(a) The agency shall:
1. Give reasonable notice to affected persons of the action of the agency, whether proposed or already taken, or of its decision to refuse action, together with a summary of the factual, legal, and policy grounds therefor.
2. Give parties or their counsel the option, at a convenient time and place, to present to the agency or hearing officer written or oral evidence in opposition to the action of the agency or to its refusal to act, or a written statement challenging the grounds upon which the agency has chosen to justify its action or inaction.
3.If the objections of the parties are overruled, provide a written explanation within 7 days.
§ 120.57(2)(a), Fla. Stat. (2003) (emphasis added).
Here, Keen argues that his case should be remanded based on the fact that he allegedly did not receive notice that he had been granted a hearing within 15 days of his request. However, the Department was going forward only with the charges elaborated in counts II and III of the administrative complaint. Those charges involved facts not disputed by Keen. Since the facts were undisputed, section 120.57(2) of the Florida Statutes applied. Section 120.57(2) provides that the affected person be given “reasonable notice” of agency action. There is no 15 day requirement as set forth in section 120.569(2)(a) of the Florida Statutes. Furthermore, Keen signed the registered mail receipt indicating that he had received notice of the hearing. If Keen had any objection to the notice he received, he should have attended the hearing and raised that objection. See Environmental Trust v. State, Dep’t of Envtl. Prot., 714 So.2d 493 (Fla. 1st DCA 1998)(holding that party who asserts disputed claim before administrative agency generally has burden of going forward with evidence as well as ultimate burden of establishing basis for the claim).
Next, Keen argues that he did not waive his right to receive a formal hearing because there were issues of disputed fact involved in his case. However, a review of Keen’s election of rights form indicates that he did not factually dispute counts II and III of the administrative complaint and he checked the box indicating that he *809 wished to proceed with an informal hearing on those counts. While he also checked the box indicating he did dispute the facts of counts I and IV and requested a formal hearing on those counts, counts I and IV were dropped and thus not prosecuted.
Finally, Keen argues that the final order contains material errors. The Department admits that FREAB’s final order does contain scrivener’s errors, but contends that the final order should be remanded only to correct these scrivener’s errors. We agree with the Department. The final order states that Keen failed to respond to the administrative complaint or request a hearing. Keen is correct that this finding was in error. Keen did respond to the administrative complaint and did file an election of rights wherein he requested an informal hearing on the undisputed facts involving counts II and III of the complaint. The final order also states that all of the facts and legal conclusions in the administrative complaint are adopted as true. This finding was also in error. The hearing only involved counts II and III of the administrative complaint. The final order is remanded for correction of these errors.
Keen’s other arguments on appeal are found to be without merit.
AFFIRMED; REMANDED for correction of scrivener’s errors in the final order.
SAWAYA and MONACO, JJ., concur.