946 So.2d 1223 (2007)
STATE of FLORIDA, DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Appellant/cross-appellee,
v.
Craig Garrett TIDEY, Appellee/cross-appellant.
No. 4D06-122.
District Court of Appeal of Florida, Fourth District.
January 3, 2007.
*1225 Bill McCollum, Attorney General, Christopher M. Kise, Solicitor General, and James A. McKee, Deputy Solicitor General, Tallahassee, for appellant.
Samuel S. Fields and Brigid F. Cech of Ruden, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for appellee.
STONE, J.
We reverse a judgment granting a petition for writ of prohibition.
Three days after Tidey refused to take a breath test upon his arrest for DUI, his attorney sent a letter to the Bureau of Administration Review, a division of the department, requesting a formal review hearing and requesting recusal of all department employees from presiding as a hearing officer. The request for recusal was based on Tidey's allegation of fear that the department's hearing officers were not sufficiently neutral. As no hearing officer had yet been assigned, both letters were addressed to the hearing officer in charge. Attached to the recusal request were unsworn letters from other DUI attorneys, asserting complaints of prior hearing officer misconduct. The request was denied.
Tidey then filed a petition in the circuit court for a writ of prohibition, seeking disqualification of all department non-lawyer hearing officers and asking that the department be required to retain "neutral detached magistrates."
The trial court conducted an evidentiary hearing on the petition. Tidey presented the testimony of three DUI attorneys who testified that in their cases, the non-lawyer hearing officers stopped their hearings to consult with the department's legal counsel about the admissibility of evidence.[1]
*1226 The trial court concluded that the department allowed or encouraged its hearing officers to confer with staff attorneys on issues of law, a practice which the court recognized as exposing the hearing officer to ex parte influence and conflict of interest. The judgment granting the writ prohibited the department from allowing communications between its hearing officers and staff attorneys, employed to represent the department and its divisions, about questions of law or fact concerning driving privilege litigation. Further, the court ordered that driving privileges of all parties be reinstated,[2] even though such privileges were suspended by operation of section 322.2615, Florida Statutes, and no hearing was ever held on the propriety of their suspensions.
We deem it significant that Tidey's petition was not predicated on conduct that had transpired in his hearing, as none had yet been scheduled or conducted.[3] His request was based upon his fear that he would not receive a fair hearing because of (1) the use of non-lawyers, and (2) hearing officers' conduct in similar proceedings. We have found no support for issuing a writ of prohibition in this context. There are actually two jurisdictional arguments involved  the first, regarding the department's jurisdiction to hold hearings in the manner conducted, and the second, whether the circuit court had jurisdiction to issue a writ of prohibition on these facts.
We recognize that claims of due process violations cast doubt upon the department's ability to carry on status quo and lend credence to the circuit court's discretion to rule on the petition. Further, prohibition has been recognized as appropriate where other remedies will not suffice. Ferre v. Kehoe, 179 So.2d 403, 404 (Fla. 3d DCA 1965). Additionally, "some agency errors may be so egregious or devastating that the promised administrative remedy is too little or too late. In that case equitable power of a circuit court must intervene." Dep't of Gen. Servs. v. Willis, 344 So.2d 580, 590 (Fla. 1st DCA 1977).
Florida courts have consistently required that writs of prohibition be narrow in scope and operation and be employed with caution to prevent impending injury by judicial or quasi-judicial act where there is no other appropriate or adequate remedy at law. Garrett v. Johnson, 112 Fla. 112, 150 So. 239, 239 (1933).
Prohibition is available to address the constitutionality of a statute which invalidly extends the jurisdiction of a court. Van Cott v. Driver, 243 So.2d 457, 458 (Fla. 2d DCA 1971). Here, however, the constitutionality of the statute has been upheld. Section 322.2615(6)(b), Florida Statutes, authorizes the department to conduct formal review hearings before hearing officers "employed by the department," and in Department of Highway Safety & Motor Vehicles v. Griffin, 909 So.2d 538 (Fla. 4th DCA 2005), we held that the department's use of non-lawyer employees as hearing officers passes constitutional muster.
Florida Administrative Code Rule 15A-6.008 establishes a procedure when a driver moves for recusal of a department hearing officer. The rule directs that the motion for recusal is to be filed with the assigned hearing officer, prior to the start *1227 of the hearing, "accompanied by a written statement stating particular grounds" and containing "facts sufficient to show that the driver has a well-founded fear that he will not receive a fair and impartial hearing." Fla. Admin. Code R. 15A-6.008. Section (2) of the rule refers to the "legal sufficiency of the motion and affidavit." Here, Tidey sought to prevent the conduct of an agency officer at an administrative hearing before one was assigned.
The purpose of the proceeding by way of a writ of prohibition was, properly, to test whether the letter/motion for recusal was legally sufficient. Any additional issues were beyond the proper scope of such an action. Clearly, on its face, the letter/motion did not comply with the requirements of Rule 15A-6.008.
We conclude that the letter/motion for recusal was legally insufficient to support prohibition, in that it was not filed with the hearing officer before whom the case was pending, and it sought relief, the recusal of all DHSMV employees, beyond the scope of the recusal rule. Throughout the trial court's hearing, the department objected to the scope of the prohibition proceeding. In the hearing, and by its judgment, the court focused on due process arguments, but did not consider or address the sufficiency of the letter/motion for mass recusal.
We do not address the merits of the various due process issues raised and the possibility that Tidey's rights might have been violated had his hearing taken place. Rather, as the department recognizes, such claims should be raised by a petition for writ of certiorari once the facts are known and presented in the record. See Fla. Water Servs. Corp. v. Robinson, 856 So.2d 1035, 1041 (Fla. 5th DCA 2003) (water utility's remedy on its claim that the county commissioners were biased and motivated by self-interest in denying its application for water wells was not a writ of prohibition, but a writ of certiorari to review the board's decision in light of any due process violations in the record). See also Seminole Entm't, Inc. v. City of Casselberry, 811 So.2d 693 (Fla. 5th DCA 2001).
Here, the motion for recusal contained allegations concerning some hearing officers' conduct in past hearings and Tidey's counsel's conclusion, based on conversations with other attorneys, which was supplemented by the testimony of the other attorneys at the trial court's evidentiary hearing. Most of the allegations and testimony concerned matters that, although raising valid concerns, were not relied on by the court in support of its ruling.
We note that this is not a circumstance where the same individual is performing both prosecutorial and judicial functions or where the staff attorney consulted was performing procedural functions. See Forehand v. Sch. Bd. of Gulf County, 600 So.2d 1187 (Fla. 1st DCA 1992); Dep't of Highway Safety & Motor Vehicles v. Stewart, 625 So.2d 123, 124 (Fla. 5th DCA 1993). There is no claim, and the final judgment does not find, that the department attorneys acted in such a dual role. The judgment merely concludes that department attorneys advising hearing officers on the law must be improper. We note, however, that the motion/letter for recusal did not allege that contact by hearing officers with the department attorneys was improper.
While the supreme court has recognized that an unbiased decisionmaker is essential, agencies have "great flexibility" in utilizing staff. Cherry Commc'ns, Inc. v. Deason, 652 So.2d 803, 804 (Fla.1995). In Cherry, the court applied the principle (here undisputed) that the same person who prosecutes a case for the agency may *1228 not also advise the agency in its deliberations on that case. Id. The court, however, went on to recognize that, in such circumstances, the appropriate procedure is for one agency attorney to act as prosecutor while another acts as legal advisor to the board. Id. Because we address only the procedural issues here, we do not determine whether Cherry would support reversal on the merits.
We also note that the judgment, in directing the department to prohibit communication between the hearing officers and the department staff attorneys, grants injunctive relief for which none was prayed. Trial courts may not sua sponte grant injunctive relief. See Grand Venetian Condo. Ass'n v. Prince, 916 So.2d 66 (Fla. 3d DCA 2005); Spradley v. Old Harmony Baptist Church, 721 So.2d 735, 737 (Fla. 1st DCA 1998); First Union Nat'l Bank, N.A. v. Peoples Nat'l Bank of Commerce, 644 So.2d 538, 539 (Fla. 3d DCA 1994).
Additionally, the irreparable harm necessary for injunctive relief is not shown where relief is available, here, by motion to recuse once the officer's conduct occurs under section 322.2615(6)(a), Florida Statutes, or by writ of certiorari upon an adverse decision pursuant to section 322.2615(13), Florida Statutes, or by a suit for declaratory relief pursuant to section 86.011, Florida Statutes. Addressing these issues by way of certiorari or a declaratory action could provide a more manageable process to insure that a proper record is made and would assure the department the benefit of appropriate pleadings to clarify the issues and the agency to conduct complete discovery.
We additionally conclude that the trial court went beyond the scope of the procedure by reinstating the driving privileges of the appellees. Pursuant to section 322.2615, Florida Statutes, driving privileges are automatically suspended following a DUI arrest. The suspension may only be lifted by the department after a hearing.
Therefore, the judgment is reversed, and we remand for entry of an order denying the petition, without prejudice as to the ultimate merits of the claims.
SHAHOOD and HAZOURI, JJ., concur.
NOTES
[1] Although there were other complaints, this is the primary one and is the basis for the trial court's order.
[2] The court consolidated Tidey's case with four others involving similarly-situated drivers and the same questions of law.
[3] The department never conducted Tidey's license review, and his driving privileges were not formally suspended or revoked. During the proceedings, he was issued a license for business/hardship purposes.