CORTIÑAS, J.
This Court returns for the third time to a dispute between the City of Sunny Isles Beach (the “City”) and Publix Supermarkets, Inc. (“Publix”). The basis for the dispute is a Site Plan Application submitted to the City by Publix in 2006, which the City has deemed null and void due to fraud allegedly perpetrated by Publix. We have previously granted the City’s petition for a writ of prohibition preventing the circuit court’s consideration of Publix’s request for a declaratory judgment regarding the City’s interpretation of one of its land development ordinances. City of Sunny Isles Beach v. Publix Super Markets Inc., 996 So.2d 238 (Fla. 3d DCA 2008). We have also previously addressed the circuit court’s order quashing the decision of the City Commission (the “Commission”) that Publix’s application was null and void, which we vacated and remanded because of a departure from the essential requirements of the law due to the circuit court’s failure to provide the reasons for its grant of certiorari. City of Sunny Isles Beach v. Publix Supermarkets Inc., 53 So.3d 1237 (Fla. 3d DCA 2011).
On remand, the circuit court quashed the decision of the Commission, finding that the Commission denied Publix due process, that the decision of the Commission departed from the essential requirements of law, and that the decision was not supported by substantial, competent evidence. The City now challenges, on second-tier certiorari, the order of the circuit court.
I. STANDARD OF REVIEW
Second-tier certiorari review is granted under very narrow circumstances. The mere discovery of legal error will not warrant such review. Rather, “a district court should exercise its discretion to grant review only when the lower tribunal has violated a clearly established principle of law resulting in a miscarriage of justice.” Custer Med. Ctr. v. United Auto. Ins. Co., 62 So.3d 1086, 1092 (Fla.2010) In considering a petition for second-tier cer-tiorari review, a district court does not consider whether the circuit court came to the correct legal conclusion or whether the decision below was supported by substantial, competent evidence. Rather, the dis *227 trict court asks only “whether the circuit court afforded procedural due process and whether the circuit court applied the correct law.” Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995).
Although on remand the circuit court expressly found that Publix was denied due process, that the Commission violated the essential requirements of law, and that no competent, substantial evidence supported the Commission’s decision, the court’s holding violated clearly established principles of law resulting in a miscarriage of justice. Accordingly, we grant the petition and quash the decision below.
II. DUE PROCESS
The circuit court found that Publix was denied due process for two reasons. First, according to the circuit court, “[t]he City Commission did not afford Publix a fair hearing ... when it addressed matters which pertained to the Publix’s [sic] first appeal filed, at a hearing noticed only for matters raised in Publix’s second appeal.” Publix Supermarkets, Inc. v. City of Sunny Isles Beach, No. 07-362AP, at *2 (Fla. Cir.Ct. May 1, 2011).
The circuit court’s finding that the notice for the hearing before the City Commission raised due process concerns violated clearly established principles of law. Publix had requested three administrative appeals, and it is difficult to determine what the circuit court had in mind when it referred to only two appeals. Publix first appealed to the City Manager on December 14, 2006, contesting the interpretation of the City Code by the City Attorney. Publix later filed an appeal with the City Manager on March 16, 2007, seeking review of the Community Development Director’s determination that Pub-lix’s application was null and void due to fraudulent representations made by Pub-lix. When the City Attorney notified Pub-lix that its March 16 appeal was rejected, Publix filed an appeal with the City Commission on May 3, 2007, seeking a public hearing on that decision. That hearing took place on June 21, 2007.
The circuit court incorrectly characterized the notice for the June 21 hearing as a narrow one that made Publix aware that some, but not all, of its concerns and challenges were to be addressed. The notice was not so restrictive. In fact, the notice indicated that the Commission would meet “to hear an appeal filed by Publix Supermarkets, Inc. challenging Administrative Decisions relating to its Site Plan Application.” (emphasis added) The Commission gave no indication that it intended to hear only some of the challenges Publix had raised since December 2006. Rather, Pub-lix was on notice that it would be afforded the tribunal it had been requesting for six months, and could reasonably have concluded that it would have the opportunity to challenge all the administrative decisions relating to its Site Plan Application.
Publix did argue at the hearing that the appeal was meant to address only certain issues, stating “[t]he only issue today is a letter ... that says we cannot appeal to you because our application was untimely and we were fraudulent.” Publix also claimed “the appeal should have been properly brought before you on issues that are totally different that were discussed by [opposing] counsel. I just don’t know what world these people are in.” But Publix never maintained that it was not given notice regarding the allegedly ancillary issues, nor did it refuse to argue them, nor allege that it was unprepared to argue them.[1] Publix was told that the *228 hearing was to occur, and that it could present any objections it had raised regarding the decisions made concerning its application. Due process demands no more. See, e.g., Keys Citizens for Responsible Gov’t. v. Florida Keys Aqueduct Auth., 795 So.2d 940 (Fla.2001).
The circuit court also found a violation of due process in the presence of the City Attorney acting “both as advocate for the City, as well as advisor to the City Commission.” Publix No. 07-362AP at *2 (citing Cherry Commc’ns Inc. v. Deason, 652 So.2d 803 (Fla.1995)). The circuit court violated a clearly established principle of law in concluding that Cherry prohibits the City Attorney’s exercise of his functions in this matter. Due process does not bar agencies from embracing dual roles in administrative proceedings. Nothing in Cherry established a bright-line rule that would permit a reviewing court to assume a due process violation merely because an agency attorney involved in an administrative decision is present to give legal advice at an agency hearing involving that decision. See, e.g., Citrus County v. Florida Rock Indus., 726 So.2d 383, 388 (Fla. 5th DCA 1999) (“There is no single test to be applied to determine if the requirements of procedural due process have been met.”).
Unlike in Cherry, this is not a situation where “the prosecution was given special access to the deliberations.” Cherry, 652 So.2d at 805. The City Attorney was present to clarify legal issues for the Commission, precisely according to his role. City of Sunny Isles Beach, Fla., City Charter, Art. Ill, § C-3.6 (2006). He had participated in no “prosecution” of Publix, and there had been no disciplinary proceedings. Acting in his capacity as City Attorney, he had previously made a decision regarding a permit application. In an appeal involving that decision, he gave legal advice to the Commission.
Thus, the circuit court’s finding that Publix was denied due process violated clearly established principles of law.
III. THE ESSENTIAL REQUIREMENTS OF LAW
The circuit court also quashed the decision of the City Commission on the grounds that “[t]he City failed to observe the essential requirements of law when it attempted to enforce conduct not forbidden by its code.” Publix No. 07-362AP at *2. This finding violated clearly established principles of first-tier certiorari review, inasmuch as it indicates that the circuit court was engaging in fact-finding.
Section 33-6(A) of the City Code states that “[a]ll parties making any presentation, formal request or petition of the City Commission or the City staff shall be required to make full and accurate disclosure based in fact and in law.” City of Sunny Isles Beach, Fla., City Code, ch. 33, § 33-6(A) (2006). Section 33-6(B) states that “[i]f the City ... discovers that any disclosure required was not made fully or truthfully, in violation of this § 33-6, the action taken *229 with respect to that matter shall be voidable.” City of Sunny Isles Beach, Fla., City Code, ch. 38, § 33-6(B) (2006). The City Commission found that Publix had not made full and accurate disclosure, as required by § 33-6(A) the Code, and took the requisite action as authorized by § 33-6(B). The circuit court is only capable of reaching the conclusion that the City Commission attempted to punish conduct not forbidden by its code by providing a misleadingly precise account of the conduct at issue: “Publix’s failure to disclose to the Miami-Dade County Shoreline Committee that it had previously claimed under oath to the City that the parcel size was 17.13 acres and its intent to develop a large commercial arena.” Publix No. 07-362AP at *2.
The only intelligible way to read the circuit court’s holding is to infer a meaningful distinction between “failing to make a full and accurate disclosure to the City” and providing one representation of its property and intentions to the City and another to the Miami-Dade County Shoreline Committee (the “County”). Publix had not engaged in the former, according to the circuit court, in doing the latter. But this is re-weighing the evidence, something the circuit court was prohibited from doing on certiorari review. See, e.g., Dusseau v. Metro. Dade County Bd. Of County Comm’rs, 794 So.2d 1270 (Fla.2001). In making its own determination that Publix’s conduct did not rise to the level of fraud, and that therefore the conduct was not forbidden by the City Code, the circuit court violated clearly established principles of law, resulting in a miscarriage of justice.
IV. SUBSTANTIAL COMPETENT EVIDENCE
The final basis for the decision by the circuit court was its finding that “[t]he City Commission did not have substantial competent evidence to establish fraud under City Code Section 33-6.” Publix, No. 07-362AP at *2. In so ruling, the court violated clearly established principles of law.
For reasons not explained, the court held that substantial competent evidence on this matter would be “evidence that Publix never had 17.13 acres of land.” Id. The court gave no indications as to what would support such a restrictive view, nor why it placed the burden on the City to show that Publix did not own the acres it claimed to own. To the extent that Pub-lix’s ownership of the property was at issue, the City’s allegations stemmed from Publix’s failure to provide appropriate evidence supporting its claims to own the land it claimed in its application.[2] The City had no burden to'show that Publix did not own the land in question. Moreover, the fraud alleged was not merely a fraudulent claim to title but rather Publix’s failure to provide complete and accurate disclosure of all relevant facts in its site plan application.
Publix initially filed an application for site plan approval for a 3.57 acre parcel on which it intended to erect a 21-story mixed-use project with a new supermarket and a 284-unit condominium complex. When informed of problems with the appli *230 cation, including Publix’s failure to provide the required survey of the land to indicate its precise size and location, Publix took no action, and the application was nullified through procedural default on the part of Publix. Almost a full year later, Publix filed an amended Letter of Intent, this time indicating that the parcel size was 17.13 acres, and the proposed density of the condominium complex would be 378 units. Publix also proposed a marina with 140 boat slips. The City Attorney informed Publix that the density requirements for the proposal could not include underwater land, as Publix had done. One month after Publix submitted its revised application to the City, it submitted a site plan application to the County, ostensibly for precisely the same development plan. However, the plan submitted to the County referred to a parcel size of 5.41 acres, and neglected to mention the marina.
The Commission concluded that Publix purchased submerged land in an attempt to evade the City density requirements. “Publix claims to be a good corporate citizen, and if they are such a good corporate citizen then they should follow the laws and ordinances of our city but instead they decided for probably a minimal investment ... they could roll the dice and see what happens.” The fraud alleged by the City was not, therefore, a fraudulent claiiri to title, but consisted rather of Publix’s evasive account of the precise nature of its development plans and the nature of its holdings, and its purchase of almost 14 acres of submerged land in an apparent attempt to satisfy the City’s density requirements.
Because the circuit court’s analysis demonstrates its failure to apply the correct law and its order violated clearly established principles of law resulting in a miscarriage of justice, we grant the petition and quash the decision below.
Petition granted.

. In fact, Publix seems to have somewhat failed to notice that the issue it insisted was *228 the only proper issue before the Commission had essentially been decided in its favor. Publix argued that its appeal of March 16 had been unfairly rejected, but the issues raised by that appeal were precisely the issues noticed and argued at the June 21 hearing.
Publix posed, as the only issue properly before the Commission on June 21, the question as to whether or not Publix would be allowed to raise other issues on appeal — precisely those issues which Publix was now expressed reluctance to argue on appeal. Consequently, Publix’s somewhat tortured position seems to have been that it demanded the right to argue certain issues, but that it would be unfair (and, in the view of the circuit court, a violation of due process) actually to argue them.

. The City Attorney argued at the hearing, "In order to determine how much you own, what's the location, you need to survey it. They [Publix] failed to provide it to the city ..." Although the City was therefore alleging that Publix had not provided adequate evidence as to Publix’s ownership of the 17.13 acres of land — because the precise size and location had not been accounted for — the more accurate allegation was that Publix had been evasive about the nature and extent of its holdings as well as the manner in which it had complied with the density requirements in its site plan application.