# Third District Court of Appeal

## State of Florida

Opinion filed December 14, 2016.
Not final until disposition of timely filed motion for rehearing.

————————

Nos. 3D16-2350 & 3D16-2348
Lower Tribunal Nos. 15-1071-K & 15-976-K

————————

**Far Niente, LLC, etc., et al.,**
Petitioners,

vs.

**City of Key West, et al.,**
Respondents.

On Petitions for Writs of Certiorari from the Circuit Court for Monroe County, Timothy J. Koenig, Judge.

The Smith Law Firm and Wayne LaRue Smith and Brett Tyler Smith; Easley Appellate Practice PLLC and Dorothy F. Easley; Shannin Law Firm and Nick Shannin (Orlando), for petitioners.

Ronald J. Ramsingh, Chief Assistant City Attorney; Smith Oropeza Hawks, P.L. and Barton W. Smith and Ashley N. Sybesma, for respondents.

Before SALTER, EMAS, and FERNANDEZ, JJ.

SALTER, J.

These consolidated petitions for certiorari involve certificates of appropriateness issued by the Historic Architectural Review Commission ("HARC") of the City of Key West for partial demolition of (our Case No. 3D16-2350), and additions to (our Case No. 3D16-2348), a traditional frame house in the City's historic district. After hearings before the HARC, issuance of the certificates of appropriateness, further challenges and proceedings before a Special Magistrate, and the consideration and denial of first-tier petitions for certiorari by the appellate division of the Circuit Court for Monroe County, the petitioners seek second-tier certiorari here. Applying the extraordinary requirements applicable to such petitions, we deny them on the merits.

Facts and Procedural History

The petitioners are entities and persons who object to the applications filed with the HARC by the individual owners of 616 Eaton Street, a residence on a site of approximately 19,000 square feet in the Key West historic district. The owners (respondents here, together with the City) are Mark and Kristina Serbinski. The owners purchased the property from one of the petitioners (Far Niente, LLC, a Minnesota limited liability company, whose principals are Dana and Stan Day); other petitioners are residents and business owners in the area.

In June 2015, the Serbinskis filed an application for HARC approval of a project to include "renovation of historic house, demo rear additions, add new

addition, new residence in rear of property with pool & site work." Detailed plans prepared by a Key West architect were attached. After review of the application and plans by HARC staff and various revisions, in July 2015 a HARC assistant planner detailed the applicable historic guidelines (including applicable Standards for Rehabilitation promulgated by the United States Secretary of the Interior) and the staff recommendations in a memorandum to commission members:

**Consistency with Guidelines**

1.     The renovations to this historic house are consistent with the guidelines. The proposed design will restore the house, which is much needed. The site work is also consistent with the guidelines.

2.     The new one-story, L-shaped addition on the historic house will not alter or expand the historic in a manner that will conceal its character-defining features. The additions are attached to less publicly visible secondary elevations. The additions will be clearly differentiated from the historic house.

3.     The applicant has reworked the proposed house to break up the one large house into three smaller masses with small connectors. Providing a map showing the massing of the adjacent structures, the architect has shown that the neighboring lots often comprise [sic] of multiple buildings, many of which are at least two stories. Having shown the context of the neighborhood in terms of its scale and massing, this new design is more consistent with the guidelines in regards to new construction.

It is staff's opinion that the renovations to historic house, the new addition, and the second house are consistent with the guidelines. This is a unique lot where there is ample space to construct a new residence behind the historic house. Although the proposed house is very large, the applicant has worked to break up the massing so that it is compatible with the adjacent structures and will not outsize the neighborhood.

3

The HARC certificate of appropriateness for the design of the project was approved on July 28, 2015, and appealed ten days later. The demolition application was approved on September 29, 2015, and appealed the following day. Each appeal was directed to a Special Magistrate,[1] and the differences in timing resulted in separate case numbers, briefing, hearings, orders, and subsequent petitions to the circuit court and this Court.

As specified by the City Code, the Special Magistrate conducted hearings and de novo reviews in each of the appeals. On September 14, 2015, the Special Magistrate issued a written order affirming the HARC decision on the design application, concluding that the City's applicable historic architectural guidelines were properly applied. On October 21, 2015, the Special Magistrate affirmed the HARC approval of the demolition incident to the Serbinskis' application.

The petitioners then petitioned for certiorari in the appellate division of the circuit court for Monroe County. After the submission of responses and further hearings, the circuit court entered separate, nine-page orders in each of the cases denying the petitions. The petitions to this Court followed. The petitioners also sought an emergency motion for stay in both cases. The trial court denied the

---

[1] The City's applicable ordinances provide that HARC decisions may be reviewed by appeal to the City's Special Magistrate. City of Key West, Fla., Code § 90-428 (2015).

4

motions filed in the circuit court, concluding that the mandates had issued and that the court lacked jurisdiction to issue a stay. We entered a temporary stay pending further order of this Court on October 19, 2016, in each of the consolidated cases.[2]

Analysis

Although we will address the petitions under the principles established by the Florida Supreme Court for second-tier certiorari petitions, it should be noted that the City's ordinance allows for an additional level of review by the special magistrate, such that our review is actually a third bite at the apple regarding the HARC determinations, following prior consideration by the special magistrate and the circuit court appellate division.

In Custer Medical Center v. United Auto Insurance Co., 62 So. 3d 1086, 1092 (Fla. 2010), the Florida Supreme Court addressed the history of second-tier certiorari, emphasizing that review is to become narrower, not broader, as a case moves to higher levels of appellate review. The issues presented for review are "*not* to be *reinvestigated, tried, and determined upon the merits* generally as upon appeal at law or writ of error." Id. at 1093 (quoting Haines City Cmty. Dev. v. Heggs, 658 So. 2d 523, 525-26 (Fla. 1995)). Custer summarized the strict legal

_____

[2] Between the circuit court's denial of a stay on October 13, 2016, and this Court's temporary stay order of October 20, 2016, the Serbinskis obtained demolition permits and allegedly completed the demolition at issue in our Case No. 3D16-2350. They moved to dismiss that case as moot, and the petitioners moved for sanctions against the Serbinskis. By separate order, we have denied both of those motions.

5

requirements for consideration of a second-tier petition ("something more than a simple legal error;" "when the lower tribunal has violated a clearly established principle of law resulting in a miscarriage of justice;" "an illegal or irregular act;" "grievous errors"). Custer, 62 So. 3d at 1092.

Turning to the petitions in this case, HARC, the special magistrate, and the circuit court afforded procedural due process to the petitioners, observed the essential requirements of law, and reached decisions based, according to the circuit court, on substantial competent evidence. The City established HARC as an agency to bring special expertise to the review of applications and permits in its historic district. Here, as with any agency given municipal or state authority to regulate a particular subject matter, HARC's interpretation of the guidelines warrants deference:

> An agency's interpretation of the statute it is charged with enforcing is entitled to great deference. See Bellsouth Telecommunications, Inc. v. Johnson, 708 So. 2d 594, 596 (Fla. 1998). Further, a court will not depart from the contemporaneous construction of a statute by a state agency charged with its enforcement unless the construction is "clearly erroneous."

Verizon Fla., Inc. v. Jacobs, 810 So. 2d 906, 908 (Fla. 2002).

We do not find that HARC's interpretation and application of the guidelines to the proposed demolition and the building project plans were clearly erroneous.

In the circuit court, the petitioners belatedly raised one additional issue. The petitioners filed a notice of supplemental authority after the initial ruling by the

6

court "bringing to the circuit court's attention a binding appellate circuit court opinion raising significant due process issues."[3] The petitioners argued below and here that the Monroe County Circuit Court Appellate Division's opinion in June 2016 in Andrews v. KWSC, Inc. d/b/a/ Adult Entertainment Club, No. 2014-AP-6-K (Fla. 16th Cir. Ct. June 22, 2016), granted certiorari in a case based on a determination that the Assistant City Attorney could not act as both advocate for, and advisor to, the City and to the special magistrate in a proceeding. Relying on that decision and other "dual role" cases, particularly Cherry Communications, Inc. v. Deason, 652 So. 2d 803 (Fla. 1995), the petitioners alleged that the special magistrate acted in a judicial function, such that the Assistant City Attorney could not both advise HARC and the special magistrate and simultaneously defend the HARC decision on behalf of the City.

In Cherry, the Florida Supreme Court vacated a Public Service Commission order in an adversary proceeding in which "a Commission attorney served as the prosecutor," and another Commission attorney "served as the Commission's legal advisor." Id. at 803. The Court held that this was a violation of due process in a quasi-judicial procedure in which "the decisionmaker must not allow one side in the dispute to have a special advantage in influencing the decision." Id. at 805.[4]

---

[3] Petitioners' Emergency Corrected Second-Tier Certiorari Petition, Case No. 3D16-2350, p. 16.

[4] In Cherry, after the adversary hearing, the prosecuting attorney met with the

7

We reject the petitioners' "dual role" argument, however, because the special magistrate and circuit court in this case neither sought nor received advice from an Assistant City Attorney, and the adversarial proceedings in <u>Andrews</u> (code enforcement violations) and <u>Cherry</u> (revocation of a certificate to provide long-distance telephone interexchange services in Florida) were distinguishable from the demolition and design permitting decisions. The City's Assistant City Attorney did not represent the City before the HARC, nor did it advise the special magistrate.[5] In this case, the special magistrate was not an enforcement board empowered to impose fines or other penalties.

For all these reasons, we deny each of the petitions on the merits.

---

Commission during its deliberations and submitted advisory memoranda, much of which the Commission adopted in its final order. 652 So. 2d at 803.

[5] The special magistrate made a thorough and commendable disclosure of his prior representations of private clients, which was accepted and waived by the parties. The special magistrate stated on the record that he had not spoken to the Assistant City Attorney about the case at all. Nothing in the record suggests ex parte communications to or from the City's legal staff as the special magistrate considered the parties' submissions.