667 So.2d 376 (1995)
Gloria Ann BROWN, Appellant,
v.
WALTON COUNTY, Appellee.
No. 94-3233.
District Court of Appeal of Florida, First District.
November 29, 1995.
James H. Tipler of The Tipler Law Offices, Ft. Walton Beach, for Appellant.
George Ralph Miller, DeFuniak Springs, for Appellee.
PER CURIAM.
Because this is an appeal from an order of the circuit court acting in its appellate capacity, we treat the notice of appeal as a petition for certiorari. See Florida Rule of Appellate Procedure 9.040(c). We have reviewed the record to determine whether the circuit court afforded procedural due process and applied the correct law, i.e., observed the essential requirements of law. See Haines City Community Dev. v. Heggs, 658 So.2d 523 (Fla. 1995); Education Dev. Ctr., Inc. v. City of West Palm Beach Zoning Bd. of Appeals, 541 So.2d 106 (Fla. 1989).
On the authority of Cherry Communications v. Deason, 652 So.2d 803 (Fla. 1995), we have determined that Brown was *377 not afforded procedural due process. At the quasi-judicial proceeding before the County Grievance Committee, the county's counsel both acted as an advocate and "proffer[ed] legal advice during the hearing." Ford v. Bay County School Bd., 246 So.2d 119, 122 (Fla. 1st DCA 1970), cert. denied, 257 So.2d 259 (Fla. 1972). Accordingly, we grant the petition for certiorari and quash the circuit court order affirming the decision of the grievance committee.
BOOTH, JOANOS and BENTON, JJ., concur.