# First District Court of Appeal
## State of Florida

_____

No. 1D2024-1751
_____

SHOWNTAIL THE LEGEND, LLC,
and RYAN HODGES,

    Appellants,

    v.

KENYATTA CLAY,

    Appellee.

_____

On appeal from the Circuit Court for Bay County.
Elijah Smiley, Judge.

October 15, 2025

WINOKUR, J.

Showntail The Legend, LLC, and Ryan Hodges appeal the denial of their motion to vacate, modify, or correct an interim arbitration award. We dismiss the appeal for lack of jurisdiction.

Article V, section 4(b)(1) of the Florida Constitution provides this Court with jurisdiction "to hear appeals . . . from final judgments or orders of trial courts" or of "interlocutory orders . . . provided by rules adopted by the supreme court." The order at issue does not invoke either of these jurisdictional bases.

First, the order merely denies both appellants' motion to vacate, modify, or correct the interim arbitration award; it does not confirm the award, nor does it include language of finality typically associated with final judgments. For this reason, the order is not a final appealable order. *See City of Tallahassee v. Big Bend PBA*, 703 So. 2d 1066, 1069 (Fla. 1st DCA 1997).

Second, Florida Rule of Appellate Procedure 9.130(a)(3)(I) provides for interlocutory appeal of nonfinal orders that "determine the entitlement of a party to arbitration, confirm or deny confirmation of an arbitration award or partial arbitration award, or modify, correct, or vacate an arbitration award." The order on appeal does not, however, (1) determine entitlement to arbitration, (2) confirm or deny an arbitration or partial arbitration award, or (3) modify, correct, or vacate an arbitration award." Rather, the order denies a request to vacate, modify, or correct an interim arbitration award. Such an order is not an appealable non-final order under rule 9.130(a)(3)(I). *See also* § 682.20(1)(e)–(f), Fla. Stat. (providing the right to appeal from orders "modifying or correcting an award" or "vacating an award without directing a rehearing").

Last, Florida Rule of Appellate Procedure 9.040(c) provides that "[i]f a party seeks an improper remedy, the cause must be treated as if the proper remedy had been sought[.]" Under this rule, Appellants' improper appeal might possibly be treated as a petition for certiorari. *See Brown v. Walton County*, 667 So. 2d 376, 376 (Fla. 1st DCA 1995). We decline to do so here because Appellants have a remedy, a plenary appeal when the trial court confirms the final arbitration award and issues a final judgment. *See City of Gainesville v. Commc'ns Workers of Am., Loc. No. 3170*, 371 So. 3d 938, 940–41 (Fla. 1st DCA 2022) (holding an order that denotes finality is subject to a plenary appeal, not a petition for certiorari).

DISMISSED.

LEWIS and TANENBAUM, JJ., concur.

––––––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––––––


Luke Lirot of Luke Charles Lirot, P.A., Clearwater, for Appellants.

Jeremiah J. Talbott, of the Law Office of J.J. Talbott, Pensacola, for Appellee.